UNITED STATES COURT OF INTERNATIONAL TRADE

_____

| | | |
|---|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Consol. Ct. No. 20-03914 |
| | : | |
| and | : | |
| | : | |
| LB WOOD CAMBODIA CO., LTD., *et ano.*, | : | Before: M. Miller Baker, |
| | : | Judge |
| Plaintiff-Intervenors, | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | **PUBLIC VERSION** |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | : | |
| | : | |
| Defendant-Intervenor. | : | |
| | : | |

_____

DEFENDANT'S RESPONSE TO INTERGLOBAL FOREST, LLC'S
COMMENTS IN OPPOSITION TO REMAND DETERMINATION

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

                                        JUSTIN R. MILLER
                                        Attorney-In-Charge
                                        International Trade Field Office

OF COUNSEL:
TAMARI J. LAGVILAVA                     HARDEEP K. JOSAN
Senior Attorney                         Senior Trial Attorney
U.S. Customs and                        U.S. Dept. of Justice
Border Protection                       Civil Division
Office of the Chief Counsel             Commercial Litigation
                                        Branch
                                        26 Federal Plaza, Rm.346
                                        New York, New York 10278
                                        Tel. No. 212-264-9230 or 9245

December 13, 2024                       Attorneys for Defendant

# TABLE OF CONTENTS

BACKGROUND ....................................................................... 2

  I.   Administrative Determination Under Review ............................ 2

  II.  The Underlying Investigation ........................................... 3

  III.  IGF's Challenge To The Determination Of Evasion In
      This Court ................................................................ 5

  IV.  Subsequent Appeal And Remand ...................................... 6

  V.   Remand Procedure ....................................................... 7

SUMMARY OF THE ARGUMENT .......................................... 8

ARGUMENT ........................................................................ 9

  I.   Standard of Review ....................................................... 9

  II.  Customs' Remand Redetermination Continuing To Find
      Evasion Was In Compliance With The Court's Order On
      Remand And Is Supported By Substantial Evidence ................. 10

CONCLUSION ..................................................................... 23

# TABLE OF AUTHORITIES

## Cases

*American Pacific Plywood, Inc., et al. v. United States*,
  Slip Op. No. 23-93, 2023 WL 4288346
  (Ct. Int'l Trade June 22, 2023)...................................... 5, 11, 15, 20, 21

*Ikadan Systems USA, Inc. v. United States*,
  639 F. Supp. 3d 1339 (Ct. Int'l Trade 2023) ................................ 21, 22

*Far East American, et al. v. United States*,
  693 F. Supp. 3d 1378 (Ct. Int'l Trade 2024) ................................ 12, 13

*Royal Brush Manufacturing, Inc. v. United States*,
  75 F.4th 1250 (Fed. Cir. 2023) ................................................. 6, 7, 8, 10

*SKF USA Inc. v. United States*,
  263 F.3d 1369 (Fed. Cir. 2001) ........................................................... 10

*Star Fruits S.N.C. v. United States*,
  393 F.3d 1277 (Fed. Cir. 2005).......................................................... 10

*Vietnam Finewood Co. Ltd. v. United States*,
  633 F. Supp. 3d 1243 (Ct. Int'l Trade 2023) .......................... 12, 13, 14

*Wheatland Tube Co. v. United States*,
  161 F.3d 1365 (Fed. Cir. 1998)............................................................ 9

## Statutes

18 U.S.C. § 1905 ....................................................................................... 6

19 U.S.C. § 1517 ....................................................................................... 2

19 U.S.C. § 1517(g)(2)............................................................................... 9

19 U.S.C. § 1592 ..................................................................................... 22

## Other Authorities

*Certain Hardwood Plywood Products from the People's Republic of China,*
83 Fed. Reg. 504 (Dep't of Commerce Jan. 4, 2018) ............................ 3

*Certain Hardwood Plywood Products from the People's Republic of China,*
83 Fed. Reg. 513 (Dep't of Commerce Jan. 4, 2018) ............................ 3

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Consol. Ct. No. 20-03914 |
| | : | |
| and | : | |
| | : | |
| LB WOOD CAMBODIA CO., LTD., *et ano.*, | : | Before: M. Miller Baker, |
| | : | Judge |
| Plaintiff-Intervenors, | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | **PUBLIC VERSION** |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | : | |
| | : | |
| Defendant-Intervenor. | : | |
| | : | |

### DEFENDANT'S RESPONSE TO INTERGLOBAL FOREST, LLC'S COMMENTS IN OPPOSITION TO REMAND REDETERMINATION

Defendant, the United States, respectfully submits this response

to the comments in opposition to the remand redetermination filed by

plaintiff InterGlobal Forest, LLC (IGF).[1]  ECF Nos. 107, 108.  IGF

challenges, as arbitrary, capricious, and an abuse of discretion, U.S.

Customs and Border Protection's (Customs) remand redetermination

following an investigation pursuant to the Enforce and Protect Act, 19

U.S.C. § 1517, that IGF, imported plywood from Cambodia by means of

evasion.  For the reasons discussed below, we respectfully request that

the Court sustain Customs' final remand redetermination and enter

judgment in favor of the United States.

## BACKGROUND

I.    Administrative Determination Under Review

This remand redetermination concerns Customs' final

redetermination pursuant to the Court's remand order dated January

26, 2024.  ECF No. 94.  In its redetermination, Customs examined its

June 29, 2020 affirmative final determination, and its November 5,

2020 administrative review of the final determination as to evasion

under the Enforce and Protect Act.  ECF Nos. 97, 98.  In that final

determination, Customs concluded that IGF evaded the antidumping

---

[1] No other party filed comments in opposition to the remand
redetermination.

and countervailing duty orders on certain hardwood plywood products from the People's Republic of China (China).[2]

II.    The Underlying Investigation

On June 29, 2020, following an Enforce and Protect Act investigation, Customs issued an affirmative determination of evasion, finding that IGF had entered covered merchandise into the United States through evasion.  Appx01034-01050.  Based on the substantial evidence on the record, Customs found that IGF had imported merchandise subject to antidumping and countervailing duty orders on certain hardwood plywood products from China by transshipping through Cambodia.  *Id.*  Customs affirmed that determination of evasion on November 5, 2020.  Appx01052-01074.

Specifically, with respect to LB Wood Cambodia Co., Ltd. (LB Wood or LBW), supplier to IGF, Customs relied upon the totality of the following evidence in support of the evasion determination:  (1) that LB Wood is [ ] percent owned by a [ ] company [

---

[2] *See Certain Hardwood Plywood Products from the People's Republic of China*, 83 Fed. Reg. 504 (Dep't of Commerce Jan. 4, 2018) (antidumping duty order); *Certain Hardwood Plywood Products from the People's Republic of China*, 83 Fed. Reg. 513 (Dep't of Commerce Jan. 4, 2018) countervailing duty order).

████████████████████████████████████████████████ ],

and "the intimate relationship between [ ███████ ] and [ ██████

█████████████ ]" "[ ████████████████████████████

███████████████████████████ ]"; (2) that "[ █ ] percent by value

of LB Wood's raw materials were imported from [ ████████████

█████████████████ ]"; (3) that Customs was unable to tie LB

Wood's production records to its raw material purchase records or

otherwise substantiate LB Wood's alleged production capacity; (4) that

a review of documents pertaining to LB Wood's production, sale and

exportation of plywood to IGF "revealed factual discrepancies between

manufacturing dates and production records, and instances where

amounts packaged and shipped were greater than amounts produced",

and revealed inconsistences with LB Wood's claim that [ ████████

████████████████████████████████████████ ]; and (5)

that the on-site observations of a Customs official at LB Wood's

Cambodian facilities revealed that "the processing in Cambodia was not

sufficient to manufacture the goods observed on-site and/or that could

correctly be entered into the United States as products of Cambodia."

Final Determination at 14-16, 19-20 (Appx01065-01067, Appx01070-01071); *see also* Initial Determination at 5-10 (Appx01038-01043).

III.    <u>IGF's Challenge To The Determination Of Evasion In This Court</u>

IGF, along with other importers, challenged Customs' determination in this Court.  IGF argued that Customs (1) deprived it of due process by imposing interim measures prior to any notice and opportunity to be heard, and prior to giving it access to confidential information; and (2) unlawfully found that IGF evaded the antidumping and countervailing duty orders.

On June 20, 2023, the Court denied IGF's motion for judgment on the agency record and sustained Customs' determination of evasion. *American Pacific Plywood, Inc., et al. v. United States*, Slip Op. No. 23-93, 2023 WL 4288346 (Ct. Int'l Trade June 22, 2023).  The Court rejected plaintiffs' arguments about the lack of access to confidential information and found that plaintiffs did not establish any protected interest for due process purposes that entitled them to procedures other than what Customs followed during the investigation.  The Court further found that the totality of the record evidence established a

5

reasonable suspicion that covered merchandise entered into the United States through evasion.

IV.    Subsequent Appeal And Remand

On August 23, 2023, IGF filed a notice of appeal to the Court of Appeals for the Federal Circuit.  Notice of Appeal, ECF No. 89.  In the meantime, however, on July 27, 2023, the Federal Circuit issued its opinion in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023).  In that decision, the Federal Circuit held that there "is no legitimate government interest {} in refusing to provide confidential business information" that it relies upon in making a determination of evasion when any such "concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}"  *Id.*  The Court further found that a failure to provide such confidential business information cannot be justified by the Trade Secrets Act, 18 U.S.C. § 1905, because during Enforce and Protect Act investigations "that release is required as a matter of constitutional due process{.}"  *Id.* at 1260.  Moreover, the Court noted that Customs has the "inherent authority to issue protective orders" and that there would be "no risk" to "narrowly releasing the information" to the plaintiffs.  *Id.* at 1261.

6

Subsequently, we filed an unopposed motion to voluntarily remand the appeal on November 15, 2023. We requested that the case be remanded back to Customs so that the agency could reconsider or further explain its evasion determination in light of *Royal Brush*. The motion for remand requested instructions to remand to Customs to provide access to any confidential business information relied upon by Customs pursuant to an administrative protective order. On January 26, 2024, the Federal Circuit granted the motion and issued an order remanding the case to this Court, with instructions to "remand to Customs and Border Protection for further proceedings consistent with *Royal Brush*, 75 F.4th 1250." *Id.* That same day, this Court remanded the case to Customs in accordance with the Federal Circuit's mandate.

V.    <u>Remand Procedure</u>

Following the Court's remand, Customs re-opened the administrative record. Customs placed an administrative protective order on the administrative record to give parties access to the business confidential information. Customs also gave parties an opportunity to submit rebuttal evidence to the business confidential information on the

7

record that was not available to the parties during the original administrative proceedings.

In response, IGF submitted rebuttal information in the form of two declarations:  (1) Kurt Winn, the Chief Operating Officer of IGF, which included photographic exhibits; and (2) Fu Wenjie, the General Manager of LB Wood Cambodia Co., Ltd.  Appx45143-45155; Appx45185-45206.  IGF also submitted written arguments.  Appx45212-45265; Appx45352-45371.

Customs then issued its final remand redetermination on May 28, 2024, continuing to find that substantial evidence on the record exists that IGF entered covered merchandise into the United States through evasion.

## SUMMARY OF THE ARGUMENT

The Court should sustain the remand redetermination.  The Courts remanded this proceeding to allow Customs to provide access to confidential record information to the parties, consistent with the holding of *Royal Brush*, and to ensure that the parties are given the opportunity to review and respond to that information on the record. The remand proceedings followed that mandate, allowing IGF the

opportunity to view the confidential information on the record and submit any additional evidence that could refute Customs' findings. The rebuttal information IGF submitted not only failed to refute Customs' findings of evasion, but instead further supported the conclusions previously reached by the agency. Thus, the proceedings on remand do not demonstrate a basis for the Court to depart from its prior ruling affirming Customs' determination of evasion.

ARGUMENT

## I.   Standard Of Review

In reviewing Customs' evasion determinations, this Court determines whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 19 U.S.C. § 1517(g)(2). "Courts look for a reasoned analysis or explanation for an agency's decision as a way to determine whether a particular decision is arbitrary, capricious, or an abuse of discretion." *Wheatland Tube Co. v. United States*, 161 F.3d 1365, 1369 (Fed. Cir. 1998). "An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represent an

9

unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005). "An agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently." *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001).

II.    Customs' Remand Redetermination Continuing To Find Evasion Was In Compliance With The Court's Remand Order And Is Supported By Substantial Evidence

On remand, Customs was to provide access to any confidential business information relied upon by the agency, as well as reconsider or further explain its evasion determination in light of *Royal Brush*. Customs fully complied with these requirements.

Once the case was remanded to the agency, Customs issued an administrative protective order. That order enabled parties to apply for access to business confidential information. Most importantly, once parties were able to view all the information on the record that was unavailable to them during the original investigation, Customs allowed them to submit rebuttal information. IGF submitted two declarations in an attempt to demonstrate that it had not engaged in evasion. Customs, however, found that the rebuttal information had "no

10

substantive value" and only further supported the conclusions previously reached by the agency. Remand Redetermination at 14-18. Accordingly, Customs continued to find that there is substantial evidence to support its initial evasion determination. *Id.* at 55. IGF makes several arguments in opposition.

First, IGF asserts that Customs failed to comply with the Court's remand order by refusing to "identify specific 'confidential' information that was not provided during the investigation, and which was considered in {Customs'} evasion determination." Pl. Br. at 35. Specifically, IGF faults Customs for not providing all documents related to the June 2018 site visit. *Id.* at 35-36. However, during the remand proceeding, Customs provided access to all confidential information the agency relied upon and provided IGF an opportunity to rebut that information. *See, e.g.*, Remand Redetermination at 8-12. The Court should reject IGF's "speculative complaints" that Customs "has refused to identify and provide any communications, reports, and any other related writings and information" related to the site visit. Pl. Br. at 35. *See*, *e.g.*, Slip Op. No. 23-93 at 44 ("It should be obvious that the court

11

cannot overturn an agency decision based on a party's speculative complaints.").

Second, IGF argues that this Court's decisions in *Far East American, et al. v. United States*, 693 F. Supp. 3d 1378 (Ct. Int'l Trade 2024) and *Vietnam Finewood Co. Ltd. v. United States*, 633 F. Supp. 3d 1243 (Ct. Int'l Trade 2023) provide "precedent to find no evasion against IGF." Pl. Br. at 3. Specifically, IGF contends that Customs ignored this Court's "binding ruling" that the scope of the antidumping and countervailing duty orders on certain hardwood plywood products from China covered "at least three plies" and that Customs inappropriately concluded that "even Chinese plywood made from single veneers, that is, one-ply sheets, are subject to the Orders." Pl. Br. at 4 (emphasis removed).

As an initial matter, the present proceeding is distinguishable from *Far East* and *Vietnam Finewood* because, here, there was never an issue as to the covered merchandise subject to the investigation. *Far East* involved a challenge to Customs' investigation under the Enforce and Protect Act involving evasion of plywood through Vietnam. *Far East*, 693 F. Supp. 3d at 1379-80. In that investigation, Customs

requested a covered merchandise inquiry from Commerce to determine whether the merchandise at issue in that investigation (namely, plywood assembled in Vietnam using two-ply panels imported from China) was within the scope of the antidumping/countervailing duty orders on certain hardwood plywood products from China. *Id.* Commerce's scope determination pursuant to Customs' referral, in turn, was challenged in *Vietnam Finewood*. *Vietnam Finewood*, 633 F. Supp. 3d 1243. The Court in *Vietnam Finewood* found that the scope language unambiguously established that the plywood orders do not include Chinese two-ply panels. *Id.* Accordingly, Customs reversed its affirmative evasion determination. *Far East*, 693 F. Supp. 3d at 1379-80. Importantly, here, no party, including IGF, ever raised the ply-issue before Customs – either during the investigation or during the remand proceeding. In other words, the issue of how many plies the plywood had is not part of the record in the investigation at issue here. Thus, unlike in the cited cases, here, Customs found evasion of finished plywood sourced from China and transshipped through Cambodia.

At any rate, the investigation by Customs and scope ruling by Commerce underlying *Far East* and *Vietnam Finewood*, respectively,

involved a different country (Vietnam) and a different manufacturer (Vietnam Finewood) than the facts of the present proceeding. Thus, the cases offer no guidance or relevance for the Court's review of the evasion determination being challenged here.

Third, IGF complains that Customs unlawfully relied upon [████████████████████████████] to determine that "the plywood products are within the scope of the Orders" because Commerce, not [████████], possesses the authority to make scope rulings. Pl. Br. at 5, 6. IGF misconstrues Customs' determination. Customs considered [████████] observations during the June 6, 2018 site visit, including the type of plywood at LB Wood's factory, "given the expertise of the personnel in identifying wood products." Remand Redetermination at 24. In particular, the Customs personnel noted specific observations related to LB Wood's machinery including "a [███ ████████] that was small, broken up into multiple pieces, and covered with a thick layer of dust" and that "wood present in the factory did not appear to be available in Cambodia." *Id.* at 25, 26. Neither Customs nor [████████] rendered a scope ruling.

Moreover, as noted above, the information concerning the site visit was not the only information upon which Customs relied. As Customs explained, the "determination as to evasion was based on various pieces of evidence that came together to present a picture of what was occurring." Remand Redetermination at 29 (citing Slip Op. 23-93 at 27-28). Specifically, "the agency's rationale for finding evasion, which, among other things, includes discrepancies in responses, an unrelated yet sufficiently contemporaneous site visit to the manufacturing facilities, and an analysis of various import and export data." *Id.* at 49.

IGF also questions [████████] expertise in wood products and encourages the Court to "carefully weigh{} the evidence and exercise{} its independent judgment." Pl. Br. 7, 8. IGF proffers the wrong standard of review. As the Court recognized, the question is "whether the administrative record shows that Customs applied the substantial evidence review – not whether substantial evidence supports the agency's findings." Slip Op. at 13. The Court properly rejected IGF's invitation to re-weigh the evidence during its prior review of the determination, and concluded that Customs applied the correct substantial evidence standard. *See* Slip Op. 23-93 at 43, 44 (refusing to

15

"re-weigh the evidence" and disturb Customs' evasion determination).
IGF advances no new arguments, and the Court should once again
reject the invitation to re-weigh the evidence.

Fourth, IGF argues that the rebuttal information refutes Customs'
conclusions regarding LB Wood's production capacity.  Pl. Br. at 9-25.
According to IGF, the declarations of IGF's Chief Operating Officer,
Kurt Winn, and LB Wood's General Manager, Fu Wenjie, "accurately
and truthfully detail the [▇▇▇▇▇▇▇▇▇▇▇▇▇▇] in
manufacturing the [▇▇▇▇▇▇▇] products at issue" and provide
"new testimonial and photographic evidence refuting its Agent's
assertions as to [▇▇▇▇▇▇▇▇▇▇] and false assertion that
it did not maintain [▇▇▇▇▇▇▇▇▇▇▇▇▇].  Pl. Br.
at 10.  IGF also complains that Customs failed to consider the entire
administrative record and "capriciously dismissed the declarations and
new photographic evidence in the Winn and Wenjie Declarations."  Pl.
Br. at 23.  Customs did no such thing.  As evidenced in the remand
redetermination, Customs thoroughly explained why the rebuttal
information was insufficient for purposes of reversing the determination
of evasion.  *See* Remand Redetermination at 14-18, 50-53.

16

Regarding the Winn declaration, Customs found that the information is "largely duplicative of evidence that was already on the administrative record, including accounts of visits to LB Wood in 2018 by {IGF} personnel and corresponding [██████████████████████] and a report by [████████████████████████████████████]". Remand Redetermination at 14. IGF counters that Exhibit 3 to the Winn declaration, which is a photograph allegedly taken by Winn during his July 6, 2018 visit to LB Wood, rebuts Customs' assertion that [████████████████████████████]. Pl. Br. at 11. Customs, however, found the photograph unreliable because "{n}o assurance exists that the date below the photograph is legitimate, given that the photograph was not provided during the {Enforce and Protect Act} investigation." Remand Redetermination at 53. Notwithstanding, Customs further explained that "some degree of operation by the [████████████], after the [██████████████], does not address merchandise that was produced early on during the {period of investigation}." *Id.*

IGF also argues that the Winn declaration "rebuts [████████████] assertion that LBW was not capable of [██████████████████████]"

17

because such raw materials were imported into Cambodia from China and substantially transformed into plywood.  Pl. Br. at 13-14.  But Customs rejected this argument previously and again in the remand redetermination because LB Wood failed to [███████████████

███████████████████], thereby preventing Customs from "ascertaining whether the production allegedly occurring in Cambodia involves a substantial transformation of the raw materials, such that the country of origin can be considered Cambodia, and not China." Remand Redetermination at 54; *see also* Remand Redetermination at 34.

Regarding the Wenjie declaration, Customs similarly found that it added "no substantive value in that it merely restates information already placed on the pre-remand administrative record."  *Id.* at 17. For information in the declaration that was purportedly new, Customs afforded "no weight to that information, given that it either provides a subjective opinion or offers no new substantive information warranting a reversal of {Customs'} determination of evasion."  *Id.* at 18.  IGF counters that the Wenjie declaration refutes Customs' assertions that LB Wood lacked production capability by detailing the equipment and

employees at the factory during and after Customs' site visit.  Pl. Br. at 15-16.  Customs, however, found Wenjie's declaration unreliable.  For instance, Wenjie's description of LB Wood's equipment during Customs' site visit appeared "to inflate LB Wood's production capacity during June 2018."  Remand Redetermination at 51.  Specifically, although Wenjie stated that LB Wood had [███████████████████████████ ███████████████████], LB Wood explicitly stated that it had [█████████ ███████████████████████████████████████].  *Id.* at 51.  Customs also found Wenjie's claim regarding the number of employees working at LB Wood's factory at the time of Customs' visit questionable" in light of [████████████] observations and photographs from that site visit.  *Id.*

Fifth, IGF takes issue with Customs' weighing of the record evidence and argues that the discrepancies in LB Wood's records "are incorrect or irrelevant and do not discredit the overall reliability of LBW's production and sales records."  Pl. Br. at 17.  IGF points to three main pieces of information in an attempt to discredit Customs' findings: (1) LB Woods' raw material purchases (Pl. Br. at 17-20); (2) LB Woods' payroll documents (Pl. Br. at 21-22); and (3) trade data from the

Forestry Yearbook (Pl. Br. at 31-34).  As an initial matter, the Court
has already rejected IGF's attempt to pick apart the evidence and look
at it piecemeal rather than view the evidence as a whole.  Slip Op. 23-
93 at 27 ("{I}t is inappropriate to flyspeck the evidence piece-by-piece to
analyze what each item shows or does not show – the question is what
all the evidence at the relevant stage of the investigation showed."); *see
also* Slip Op. No. 23-93 at 29, 43 (rejecting plaintiffs' invitation to re-
weigh the evidence).

At any rate, Customs properly continued to find IGF's arguments
unpersuasive.  With respect to LB Wood's raw material documents,
Customs explained that its "auditors analyzed raw material inputs and
production documents" and noted deficiencies questioning the records'
reliability.  Remand Redetermination at 34, 54.  Next, Customs did not
consider the information contained in LB Wood's administrative review
request regarding the payroll documents because only importers or
allegers are permitted to request an administrative review of a
determination and, therefore, LB Wood's request was improper and
appropriately rejected.  *Id.* at 33.  Lastly, Customs previously, and
again on remand, explained that the trade data "provided the most

20

accurate statistics regarding production figures because it is created using data supplied by the Cambodian Government." *Id.* at 22-23; *see also* Final Determination at 18 (Appx1069); Initial Determination at 16 (Appx1049).  The Court similarly rejected these arguments previously, and should continue to do so again.  *See* Slip Op. No. 23-93 at 39 ("Customs rejected arguments from both Plaintiffs and Plaintiff-Intervenors about the reliability (or lack thereof) of the data Customs used to determine Cambodia's total plywood production between 2016 and 2017 and explained why it considered those data authoritative and reliable.").

Finally, IGF contends that the Enforce and Protect Act is not a strict liability statute and that Customs was required to find culpability on IGF's part to find evasion.  *See* Pl. Br. at 24-27.  IGF insists that it is not culpable because it exercised reasonable care and did not make materially false statements.  *Id.* at 27-31.  However, "all that is required is that covered merchandise be entered without declaring it as subject to {antidumping/countervailing duty} orders (and that duties not be paid or deposited as a result)."  Remand Redetermination at 37; *see also Ikadan Systems USA, Inc. v. United States*, 639 F. Supp. 3d 1339, 1350

21

(Ct. Int'l Trade 2023) (holding that plaintiffs failed to show that the plain language of the definition of evasion establishes a culpability requirement).  Given Customs' reliance on what a foreign producer chooses to provide, it is unclear how – absent a concession or error on the part of an importer – any finding of intent could ever be made.  Moreover, when Congress intends for the motivations behind a party's actions to impact the penalty for improper importation, it says as much in the statutory language.  For example, the amount of penalties assessed under 19 U.S.C. § 1592 differs depending on whether an act was taken by "fraud, gross negligence, or negligence," or the extent to which a party was aware of its illegal behavior.  Thus, whether or not IGF exercised reasonable care is irrelevant to whether evasion occurred under the Enforce and Protect Act.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain the Remand Redetermination as supported by the record, as not arbitrary and capricious, and as otherwise in accordance with the law.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

OF COUNSEL:          /s/ Hardeep K. Josan
TAMARI J. LAGVILAVA     HARDEEP K. JOSAN
Senior Attorney        Senior Trial Attorney
U.S. Customs and       U.S. Dept. of Justice
Border Protection      Civil Division
Office of the Chief Counsel    Commercial Litigation
Branch
26 Federal Plaza, Rm.346
New York, New York l0278
Tel. No. 212-264-9245

December 13, 2024        Attorneys for Defendant

23

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the Rules of this Court in that it contains 3,875 words, including text, footnotes, and headings.

<u>s/ Hardeep K. Josan</u>
HARDEEP K. JOSAN