UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Consol. Ct. No. 20-03914 |
| | : | |
| and | : | |
| | : | |
| LB WOOD CAMBODIA CO., LTD., *et al.*, | : | Before: M. Miller Baker, |
| | : | Judge |
| Plaintiff-Intervenors, | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | : | |
| | : | |
| Defendant-Intervenor. | : | |

**DEFENDANT'S RESPONSE TO INTERGLOBAL FOREST, LLC'S MOTION FOR ORAL ARGUMENT AND OTHER RELIEF AND <u>REQUEST FOR JUDICIAL NOTICE</u>**

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

OF COUNSEL:
TAMARI J. LAGVILAVA        MONICA P. TRIANA
Senior Attorney           Senior Trial Counsel
U.S. Customs and          U.S. Dept. of Justice
Border Protection         Civil Division
Office of the Chief Counsel  Commercial Litigation
                          Branch
                          26 Federal Plaza, Rm.346
                          New York, New York l0278
                          Tel. No. 212-264-9230 or 9245

April 3, 2025             Attorneys for Defendant

# TABLE OF CONTENTS

ARGUMENT ............................................................................... 2

    I.    THE AGENCY RECORD CANNOT BE EXPANDED TO INCLUDE A STIPULATED JUDGMENT AND MOTION FOR ENTRY OF CONFESSION OF JUDGMENT ENTERED IN SEPARATE 28 U.S.C. § 1581(a) ACTIONS ..... 2

    II.    JUDICIAL ESTOPPEL IS INAPPLICABLE TO THESE FACTS ..................................................................................... 10

    III.    THE COURT SHOULD NOT TAKE JUDICIAL NOTICE .... 12

CONCLUSION ......................................................................... 16

# TABLE OF AUTHORITIES

## Cases

*American Pacific Plywood v. United States,*
2023 WL 4288346, Slip. Op. 23-93 (June 22, 2023)............................. 9

*Axiom Res. Mgmt v. United States,*
564 F.3d 1374  (Fed. Cir. 2009).................................................... 13, 14

*Camp v. Pitts,*
411 U.S. 138 (1973) ..................................................................... 13, 14

*Celgene Corp. v. Peter,*
931 F.3d 1342 (Fed. Cir. 2019)............................................................ 9

*Essar Steel Ltd. v. United States,*
678 F.3d 1268 (Fed. Cir. 2012)............................................................ 4

*Flint Hills Resources, LP v. United States,*
333 F. Supp. 3d 1362 (Ct. Int'l Trade 2018) ........................................ 5

*Jinko Solar Import and Export, Co., Ltd. v. United States,*
701 F. Supp. 3d 1367 (Ct. Int'l Trade 2024) ...................................... 13

*Lampi Corp. v. Am. Power Prods.,*
228 F.3d 1365 (Fed. Cir. 2000)........................................................... 10

*PSC VSMPO-Avisma Corp. et al v. United States,*
688 F.3d 751 (Fed. Cir. 2012)........................................................... 3, 4

*Richmond Int'l Forest Products, LLC v. United States,*
Consol. Court No. 21-00318 ...................................................... *passim*

*Richmond Int'l Forest Products, LLC v. United States,*
Court No. 21-00178 .................................................................... *passim*

*Thai Plastic Bags Industries, Co., Ltd. v. United States,*
752 F. Supp. 2d 1316 (Ct. Int'l Trade 2010) ................................. 10, 11

*Tri Union Frozen Prods., Inc. v. United States*,
   161 F. Supp. 3d 1333 (Ct. Int'l Trade 2016) .................................. 12, 13

*Trustees in Bankruptcy of North Am. Rubber Thread Co., Inc.*
*v. United States*,
   593 F.3d 1346 (Fed. Cir. 2010) ............................................................ 10

*United States v. Stone & Downer Co.*,
   274 U.S. 225 (1927) .............................................................................. 6

## Statutes

19 U.S.C. § 1514 ...................................................................................... 4

19 U.S.C. § 1517 ...................................................................................... 3

28 U.S.C. § 1581 ....................................................................... *passim*

28 U.S.C. § 2640 ...................................................................................... 5

## Rules

Federal Rules of Evidence 201 .................................................. 12, 14, 15

UNITED STATES COURT OF INTERNATIONAL TRADE

_____

| | |
|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., *et al.*, | : |
| | : |
| Plaintiffs, | :    Consol. Ct. No. 20-03914 |
| | : |
| and | : |
| | : |
| LB WOOD CAMBODIA CO., LTD., *et al.*, | :    Before: M. Miller Baker, |
| | :    Judge |
| Plaintiff-Intervenors, | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant, | : |
| | : |
| and | : |
| | : |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | : |
| | : |
| Defendant-Intervenor. | : |

_____

## DEFENDANT'S RESPONSE TO INTERGLOBAL FOREST, LLC'S MOTION FOR ORAL ARGUMENT AND OTHER RELIEF AND <u>REQUEST FOR JUDICIAL NOTICE</u>

Defendant, the United States, respectfully submits this response to InterGlobal Forest, LLC's (IGF) motion for oral argument and other relief, Docket Nos. 124-125, which the Court denied without prejudice

but treated as a supplemental merits brief, Docket No. 127, and also responds to IGF's motion for judicial notice, Docket Nos. 128-129.

Through these motions, IGF improperly seeks to expand the administrative record in this case to add documents propounded in other cases, which is in direct contravention to the legal standard of review in this challenge to U.S. Customs and Border Protection's (CBP) evasion determination.  Additionally, IGF requests that the Court take judicial notice of events that are not judicially noticeable, again seeking to inappropriately include extra-record information.  For the reasons stated below, this Court should not entertain IGF's motions.

## ARGUMENT

I. **THE AGENCY RECORD CANNOT BE EXPANDED TO INCLUDE A STIPULATED JUDGMENT AND A MOTION FOR ENTRY OF CONFESSION OF JUDGMENT ENTERED IN SEPARATE 28 U.S.C. § 1581(a) ACTIONS.**

Through its motions, IGF seeks to present "newly discovered facts," Mot. for Oral Arg., Docket Nos. 124-125, at 5, to improperly expand the administrative record in this case.  Specifically, IGF seeks to have this Court consider a stipulated judgment and a motion for entry of confession of judgment entered in completely separate cases with distinguishable facts.  The jurisdictional predicate and standard of

2

review of this case and the cases IGF references prevent such an outcome.

This case challenges CBP's determination of evasion of antidumping and countervailing duties under the Enforce and Protect Act (EAPA), 19 U.S.C. § 1517. Under EAPA, based on an administrative investigation, CBP must determine whether substantial evidence exists in the administrative record to conclude that antidumping/countervailing duties have been evaded. 19 U.S.C. § 1517(c)(1)(A). Challenges to a final determination made by CBP under EAPA are heard before this Court pursuant to jurisdiction under 28 U.S.C. § 1581(c).

Crucially, in reviewing CBP's evasion determinations, the Court determines whether CBP complied with procedures under the EAPA statute, 19 U.S.C. § 1517, and whether any "determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 19 U.S.C. § 1517(g)(2). The Court's review of evasion determinations is limited to the agency record and considers "whether the record is adequate to support the administrative action." *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761 (Fed.

3

Cir. 2012). Stated another way, the Court may not consider extra-record information. *See Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1278 (Fed. Cir. 2012) (reversing order instructing Commerce to consider extra-record information because "the trial court's order usurps agency power, undermines Commerce's ability to administer the statute entrusted to it, contradicts important principles of finality, and discourages compliance").

Here, IGF requests the Court to consider extra-record evidence in the form of a stipulated judgment and motion for entry of confession of judgment, filed in *Richmond Int'l Forest Prods., LLC v. United States*, Consol. Court No. 21-00318[1] and Ct. No. 21-00178 (*Richmond* cases), involving country of origin challenges brought pursuant to this Court's jurisdiction under section 1581(a).[2] The Court's review in a section 1581(a) case is *de novo*, based on a newly developed record before the

---

[1] Court Nos. 21-00063 and 21-00319 were consolidated under Consol. Court No. 21-00318. Consol. Court No. 21-00318, Docket No. 31.
[2] Section 1581(a) provides this Court with jurisdiction over "any civil action commenced to contest the denial of a protest in whole or in part . . . ." *See also* 19 U.S.C. § 1514 (describing protests against decisions of the Customs Service). An importer may protest "any clerical error, mistake of fact, or other inadvertence ... adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of [CBP] . . . ." 19 U.S.C. § 1514(a).

Court through discovery. 28 U.S.C. § 2640; *Flint Hills Resources, LP v. United States*, 333 F. Supp. 3d 1362, 1371 (Ct. Int'l Trade 2018) ("In any civil action contesting the denial of a protest . . . this Court reviews the record *de novo*." (internal quotation marks omitted)). *De novo* review is limited to the specific entries at issue in the protest being challenged. Notably, the *Richmond* cases involved specific entries of merchandise that are not covered by the EAPA investigation. Accordingly, IGF's assertion that the evidence in *Richmond* cases is "identical" to the evidence here is incorrect. Mot. for Oral Arg., Docket Nos. 124-125, at 5.

For example, Consolidated Court No. 21-00318 covers 59 entries of plywood manufactured by LB Wood and entered between August 2018 and November of 2019. *See* Consol. Court No. 21-00318, Stipulated Judgment on Agreed Statement of Facts, Docket No. 32; Summons, Docket No. 1; Court No. 21-00063, Summons, Docket No. 1; Court No. 21-00319, Summons, Docket No. 1. The evidence elicited during discovery (including document discovery and deposition testimony) was extensive in volume, but focused solely on the 59 entries identified in the summonses covered by the consolidated matter. Through discovery,

5

*Richmond* established that the plywood manufactured by LB Wood *in those specific entries*, was, in fact, manufactured in Cambodia, and the Government agreed to resolve the matter in favor of the importer. Similarly, in Court No. 21-00178, covering a single entry, a motion for entry of confession of judgment was submitted on May 27, 2022, after plaintiff identified sufficient evidence that merchandise in that entry was of Cambodian origin. *See* Court No. 21-00178, Summons, Docket No. 1; Motion for Entry of Confession of Judgment, Docket No. 22.[3] CBP's position in those cases, however, is limited to the specific merchandise at issue in the protested entries.

Stipulations entered in one case are not dispositive in another. *See United States v. Stone & Downer Co.*, 274 U.S. 225 (1927) (holding that "circumstances justify limiting the finality of the conclusion in customs controversies to the identical importation," noting that "the evidence which may be presented in one case may be much varied in the

---

[3] It should be noted that while they may have just "discovered" the stipulation entered in Consol. Court No. 21-00318, on January 25, 2025, Mot. for Oral Arg., Docket Nos. 124-125, at 2, the motion for entry of confession of judgment in Court No. 21-00178 was filed in 2022. *See* Court No. 21-00178, Motion for Entry of Confession of Judgment, Docket No. 22.

next"). The cited portions of the stipulated judgment and the motion for entry of confession of judgment are clear on this fact. *See* Consol. Court No. 21-00318, Stipulated Judgment on Agreed Statement of Facts, Docket No. 32, at ¶ 2 ("The imported merchandise *covered by the entries set forth in Schedule A* . . . consists of hardwood plywood manufactured in Cambodia by LB Wood (Cambodia) Co., Ltd."(emphasis added)); *id.*, ¶ 4 ("The *stipulable imported merchandise* is of Cambodian origin and is not subject to antidumping, countervailing or Section 301 duties." (emphasis added)); *see also* Court No. 21-00178, Motion for Entry of Confession of Judgment, Docket No. 22 ("[B]ecause RIPF has substantiated its claim that the country of origin for the imported merchandise at issue in this case is Cambodia, the Government agrees that the imported hardwood plywood *covered by the entry in this case* is not subject to antidumping (AD) and countervailing duties (CVD), Section 301 duties, and merchandise processing fee . . . ." (emphasis added)).

Customs did *not,* as IGF asserts, agree, in the *Richmond* matters, that IGF "is innocent of the wrongs alleged." Mot. for Oral Argument, Docket Nos. 124-125, at 2. The decision in the *Richmond* matters was

limited to the facts of those particular cases – that the merchandise sourced from LB Wood and imported by Richmond *in the entries covered by the respective protests and summonsed before the Court* was made in Cambodia. Conclusions about other merchandise, not before Court in the *Richmond* matters, cannot be extrapolated from its findings.

The determinations at issue in the *Richmond* matters do not have the legal implications plaintiff asserts, nor are CBP's positions in the stipulated matters in any way "contradictory" to a finding of evasion for a different importer under EAPA. Mot. for Oral Arg., Docket Nos. 124-125, at 2. Again, the breadth of the facts under consideration in *Richmond* differ significantly from those under review here, as does the record and the scope of the Court's review.

The record developed before CBP in the instant matter was much broader, covering entries made by three importers and more than one supplier. Additionally, the *Richmond* plaintiffs provided evidence that was not present in the instant record. Plaintiffs, here, had the opportunity to provide further information regarding the production of

8

its merchandise both during the initial investigation and on remand but declined to provide fulsome reliable documentation.

The Court, in a section 1581(c) case is not permitted to review and re-weigh evidence and decide whether it would have come to a different conclusion. *See American Pacific Plywood et al. v. United States*, Slip. Op. 23-93, 2023 WL 4288346, *9 (Ct. Int'l Trade, June 22, 2023) (citing *Celgene Corp. v. Peter,* 931 F.3d 1342, 1352 (Fed. Cir. 2019)). This case, therefore, does not "hinge[] on one question of fact" or any questions of fact. Mot. for Oral Argument, Docket Nos. 124-125, at 3. Instead, this case hinges on whether the agency's determination (that there was substantial evidence in the administrative record to support a finding of evasion), was arbitrary, capricious and unreasonable.

Therefore, it would be a violation of basic principles of jurisdiction and the corresponding standard of review to allow IGF to alter the record in this case. Accordingly, this Court should deny IGF's motions.

## II.  JUDICIAL ESTOPPEL IS INAPPLICABLE TO THESE FACTS

In a further attempt to expand the record on review, IGF asserts that "judicial estoppel prevents the United States from contradicting a position it adopted on January 17, 2025" in a stipulated judgment in one of the *Richmond* matters.  Mot. for Oral Arg., Docket Nos. 124-125, at 2.  However, the doctrine of judicial estoppel is inapplicable here because, as stated above, there is nothing inconsistent between the *Richmond* matters and the determination made by CBP under EAPA.

Judicial estoppel "prevents a party who prevails on one ground in a lawsuit from repudiating that ground in order to prevail in another lawsuit." *Lampi Corp. v. Am. Power Prods.*, 228 F.3d 1365, 1377 (Fed. Cir. 2000).  That is, judicial estoppel applies "[w]here a party assumes a certain position in a legal proceeding, *and succeeds in maintaining that position.*" *Trustees in Bankruptcy of North Am. Rubber Thread Co., Inc. v. United States*, 593 F.3d 1346, 1353 (Fed. Cir. 2010) (emphasis added) (internal citations and quotation marks omitted); *Thai Plastic Bags Industries, Co., Ltd. v. United States*, 752 F. Supp. 2d 1316, 1326 (Ct. Int'l Trade 2010) (emphasis added) (internal citations and quotation marks omitted).  In that instance a party "may not thereafter,

simply because [its] . . . interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken." *Trustees in Bankruptcy,* 593 F.3d at 1353 (internal citations and quotation marks omitted); *Thai Plastic Bags Industries*, 752 F. Supp. 2d at 1326 (internal citations and quotation marks omitted).

These are not the facts here.  As already explained, the *Richmond* matters were limited to the merchandise at issue in those summonsed entries.  The determination of evasion by CBP on an administrative record in the instant matter covered a broader group of entries, imported by three separate importers from more than one supplier.  As stated above, the legal issue here is whether there is substantial evidence to support CBP's finding of evasion.  The Court does not, itself, re-weigh the evidence on the record, *see supra* at 9.  Instead, it determines only if CBP's finding was arbitrary and capricious or otherwise not in accordance with the law.

There is no contrary position taken in this case as compared with the *Richmond* cases.  Judicial estoppel, therefore, simply does not apply.

## III.   THE COURT SHOULD NOT TAKE JUDICIAL NOTICE

Finally, plaintiff asks this Court to take judicial notice of four documents, pursuant to Federal Rules of Evidence 201:  (1) the stipulated judgment in Consol. Court No. 21-00318; (2) a document from the Confidential Joint Appendix that was part of the initial agency record, but not the Confidential Remand Appendix; (3) a motion for entry of confession of judgment in Court No. 21-00178; and (4) and discovery responses in Consol. Court No. 21-00318.  Mot. for Judicial Notice, Docket Nos. 128-129, at 2-4.  Judicial notice of the identified documents is not permitted under the rule, and even if it were, except for Attachment 2, these documents could not be considered by the Court because they were not part of the administrative record that formed the basis for the agency's decision under review.

"Judicial notice is the means by which a court recognizes a fact in the absence of evidentiary proof."  *Tri Union Frozen Prods., Inc. v. United States*, 161 F. Supp. 3d 1333, 1335-36 (Ct. Int'l Trade 2016).  A Court may take judicial notice of "a fact that is not subject to reasonable dispute *because* it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined

12

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (emphasis added).

This Court recently addressed this precise issue in *Jinko Solar Import and Export Co., Ltd. v. United States*, 701 F. Supp. 3d 1367 (Ct. Int'l Trade 2024), noting that, generally, "the Federal Rules of Evidence do not apply where the Court conducts record review." *Id.* at 1380. Specifically, the *Jinko* court stated that "where the court reviews the record compiled before the agency it would generally be inappropriate to invoke the Federal Rules of Evidence to admit new evidence not previously before the agency." *Id.*  Instead, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Tri Union*, 161 F. Supp. 3d at 1339 (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). Judicial notice is not intended "to circumvent the creation and review of an agency record." *Id.*; *see Jinko*, at 1380 ("administrative law principles generally caution against consideration of factual information which was not placed on the record before the agency . . . .")  And, supplementation of an administrative record is, generally, not permitted. *Tri Union*, 161 F. Supp. 3d at 1340; *see Axiom Res. Mgmt. v.*

13

*United States*, 564 F.3d 1374, 1379-80 (Fed. Cir. 2009) (finding an abuse of discretion in admitting evidence outside of the record where the record before the court was not "insufficient to permit meaningful review . . . .")

There is no reason to stray from these principles here. The Court, in this case, must consider whether CBP's determination was arbitrary, capricious or not in accordance with law, based on the evidence that was before CBP at the time of the determination. Extra-record evidence cannot factor into CBP's determination when that evidence was not before the agency.

Notwithstanding, even if F.R.E. 201 applied, the documents do not meet the required test for judicial notice. Attachments 1 and 3, discussed at length in the motions before the Court, are the statements, in the form of a stipulated judgment and a motion for entry of confession of judgment in plaintiff's favor, both filed by the Government, with respect to entries made in the *Richmond* matters. In each instance, the *Richmond* plaintiffs provided sufficient evidence to establish that the merchandise included in the summonsed entries was made by LB Wood in Cambodia. That the parties to those separate

14

actions do not dispute the information is not the end of the inquiry. The undisputed information is neither (1) "generally known" nor (2) "can [it] be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* F.R.E. 201. To the contrary, those determinations were made based on extensive evidence provided in several court actions filed under section 1581(a), and based on the record developed before the Court.

Attachment 2 is a confidential document that was part of the initial Confidential Joint Appendix. *See* Confidential Joint Appendix, Docket No. 73 (11). Although judicial notice is not appropriate here, Attachment 2 was part of the administrative record before CBP and the Government does not challenge the Court's ability to consider Attachment 2 in the motion for judgment on the agency record.

The Court should not take judicial notice of Attachment 4, which is *Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production* served in Consol. Court No. 21-00318. Even if the Court were to assume that all of the information in Defendant's discovery responses are "not subject to reasonable dispute," as IGF states, Mot. for Judicial Notice, Docket Nos. 128-129,

at 4, certainly IGF has not established that the information in these responses, are "generally known within the trial court's territorial jurisdiction," or that it can be determined from sources that cannot be questioned. IGF does not attempt to explain how discovery documents would satisfy those criteria.

Therefore, this Court should decline to take judicial notice as to any of IGF's attachments. But even if this Court did take judicial notice of the requested information, the evidence would not factor into the Court's analysis. IGF ignores the jurisdictional mandate and applicable standard of review for agency determinations which this Court should firmly reject.

## CONCLUSION

For these reasons, we respectfully request that the Court deny plaintiff's motions for oral argument and other relief, and its request for judicial notice.

16

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:   <u>/s/ Justin R. Miller</u>
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

<u>/s/ Aimee Lee</u>
AIMEE LEE
Assistant Director

OF COUNSEL:        <u>/s/ Monica P. Triana</u>
TAMARI J. LAGVILAVA    MONICA P. TRIANA
Senior Attorney            Senior Trial Counsel
U.S. Customs and          U.S. Dept. of Justice
Border Protection         Civil Division
Office of the Chief Counsel  Commercial Litigation
                       Branch
                       26 Federal Plaza, Rm.346
                       New York, New York l0278
                       Tel. No. 212-264-9245
April 3, 2025             Attorneys for Defendant

17

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the Rules of this Court in that it contains 2,944 words, including text, footnotes, and headings.

s/ Monica P. Triana
MONICA P. TRIANA
