UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Consol. Ct. No. 20-03914 |
| | : | |
| and | : | |
| | : | |
| LB WOOD CAMBODIA CO., LTD., *et al.*, | : | Before: M. Miller Baker, |
| | : | Judge |
| Plaintiff-Intervenors, | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | : | |
| | : | |
| Defendant-Intervenor. | : | |
| | : | |

## **ORDER**

Upon reading plaintiff's motion for rehearing; and upon

defendant's response; and upon consideration of other papers and

proceedings had herein; it is hereby

ORDERED that plaintiff's motion be, and hereby is, denied.

_____

M. MILLER-BAKER, JUDGE

Dated:      New York, New York
        This _____ day of _____ , 2025.

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., *et al.*, : | |
| : | |
| Plaintiffs, : | Consol. Ct. No. 20-03914 |
| : | |
| and : | |
| : | |
| LB WOOD CAMBODIA CO., LTD., *et al.*, : | Before: M. Miller Baker, |
| : | Judge |
| Plaintiff-Intervenors, : | |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant, : | |
| : | |
| and : | |
| : | |
| COALITION FOR FAIR TRADE IN : | |
| HARDWOOD PLYWOOD, : | |
| : | |
| Defendant-Intervenor. : | |
| : | |

---

## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR REHEARING

---

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

MONICA P. TRIANA
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346
New York, New York 10278
*Attorneys for Defendant*
Tel. No. 212-264-9240 or 9230

Of Counsel:
TAMARI J. LAGVILAVA
U.S. Customs and
Border Protection
Office of the Chief Counsel

December 12, 2025

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................... 2

BACKGROUND ...................................................................................... 3

ARGUMENT ........................................................................................... 6

  I.  IGF CANNOT SATISFY THE STANDARD FOR
     REHEARING ................................................................................... 6

  II.  THE COURT'S ORDER STRIKING IGF'S "REPLY" BRIEF WAS
      ENTIRELY PROPER, DOES NOT VIOLATE DUE PROCESS,
      AND DOES NOT WARRANT RECONSIDERATION .................. 8

    A. IGF Was Not Entitled To A Reply Brief Under The Rules ........... 9

    B. There Was No Violation Of Due Process ..................................... 11

  III.  THE COURT COMMITTED NO ERROR OF LAW OR FACT
       THAT WARRANTS RECONSIDERATION ................................ 12

    A. IGF's Out Of Scope Argument Is Unavailing .............................. 12

    B. The Court Correctly Rejected Taking Judicial Notice Of Two
       Separate CIT Actions And Judicial Estoppel Does Not Apply ..... 14

    C. Res Judicata And Collateral Estoppel Do Not Apply ................... 19

    D. Stare Decisis Does Not Apply ...................................................... 25

    E. Adverse Inference Cannot Be Taken Against The Government . 27

    F. There Is No Manifest Injustice ..................................................... 29

    CONCLUSION ................................................................................ 31

# TABLE OF AUTHORITIES

## Cases

*Alaimo v. General Motors Corp.*,
2008 WL 4695026 (S.D.N.Y Oct. 20, 2008) .............................................. 22

*American Pacific Plywood, Inc., v. United States*,
791 F.Supp.3d 1348 (Ct. Int'l Trade 2025) .............................................. 2

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
684 F.3d 36 (2d Cir. 2012) .............................................. 6

*Aspex Eyewear, Inc. v. Zenni Optical, Inc.*,
713 F.3d 1377 (Fed. Cir. 2013) .............................................. 23

*Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*,
56 F.3d 359 (2d Cir.1995) .............................................. 22

*Cristo v. Padgett*,
223 F.3d 1324 (11th Cir. 2000) .............................................. 24

*Deckers Corp. v. United States*,
752 F.3d 949 (Fed. Cir. 2014) .............................................. 25, 26

*Doe v. New York City Dep't of Social Servs.*,
709 F.2d 782 (2d Cir. 1983) .............................................. 7

*Essar Steel Ltd. v. United States*,
678 F.3d 1268 (Fed. Cir. 2012) .............................................. 5, 6

*Ford Motor Co. v. United States*,
751 F. Supp. 2d 1316 (Ct. Int'l Trade 2010) .............................................. 6, 7

*Ford Motor Co. v. United States*,
30 CIT 1587 (2006) .............................................. 7

*Jinko Solar Import and Export Co., Ltd. v. United States*,
701 F. Supp. 3d 1367 (Ct. Int'l Trade 2024) .............................................. 18, 28

*Kerr-McGee Chem. Corp. v. United States*,
14 CIT 582 (1990) .............................................. 7

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,
729 F.3d 99 (2d Cir. 2013) ................................................................ 7, 30

*Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*,
26 F.3d 375 (3d Cir. 1994)
*cert. denied*, 513 U.S. 946 (1994) ............................................................ 19

*Avenues In Leather, Inc. v. United States*,
423 F.3d 1326 (Fed. Cir. 2005) ................................................................ 26

*Mendenhall v. Cedarapids, Inc.*,
5 F.3d 1557 (Fed. Cir. 1993) .................................................................... 26

*New Hampshire v. Maine*,
532 U.S. 742 (2001) ................................................................................ 15

*Novosteel SA v. United States*,
284 F.3d 1261 (Fed. Cir. 2002) ................................................................ 20

*PSC VSMPO-Avisma Corp. v. United States*,
688 F.3d 751 (Fed. Cir. 2012) ........................................................ 5, 13, 17

*Royal Brush Manufacturing, Inc. v. United States*,
75 F.4th 1250 (Fed. Cir. 2023) ........................................................... 3, 10

*Royal Thai Gov't v. United States*,
441 F. Supp. 2d 1350 (Ct. Int'l Trade 2006) ............................................ 7

*SmithKline Beecham Corp. v. Apotex Corp.*,
439 F.3d 1312 (Fed. Cir. 2006) ......................................................... 19, 20

*United States v. Am. Home. Ass. Co.*,
653 F. Supp.3d 1277 (Ct. Int'l Trade 2023) ............................................ 22

*United States v. Great Am. Ins. Co.*,
738 F.3d 1320 (Fed. Cir. 2013) ................................................................ 19

**Statutes**

19 U.S.C. § 1514 ...................................................................................... 21

19 U.S.C. § 1517 ............................................................................. *passim*

19 U.S.C. § 1677 ........................................................................... 28

28 U.S.C. § 1581 ................................................................... 4, 5, 9, 21

**Rules**

USCIT Rule 7 ................................................................................... 8

USCIT Rule 56.2 ................................................................ 8, 9, 10, 11

USCIT Rule 59 ............................................................................... 2, 31

**Regulations**

19 C.F.R. § 165.21 ........................................................................ 13

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., *et al.*, | : |
| | : |
| | : |
| Plaintiffs, | : Consol. Ct. No. 20-03914 |
| | : |
| and | : |
| | : |
| LB WOOD CAMBODIA CO., LTD., *et al.*, | : Before: M. Miller Baker, |
| | : Judge |
| Plaintiff-Intervenors, | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant, | : |
| | : |
| and | : |
| | : |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | : |
| | : |
| Defendant-Intervenor. | : |
| | : |

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR REHEARING**

Defendant, the United States (Government), respectfully submits

this memorandum in opposition to plaintiff Interglobal Forest LLC's

(IGF) motion for rehearing of the Court's July 9, 2025 decision, Slip Op.

25-87 (the Decision), ECF No. 136; *Am. Pacific Plywood, Inc. v. United States,* 791 F. Supp. 3d 1348 (Ct. Int'l Trade 2025).

## **INTRODUCTION**

IGF seeks rehearing, pursuant to Rule 59, of the Court's decision to enter judgment for defendant, asserting every possible equitable principle in an attempt, again, to expand the administrative record to consider facts and evidence that are neither relevant to this proceeding, nor properly considered in this challenge to the Court's decision to sustain U.S. Customs and Border Protection's (CBP) evasion determination.

The facts of this case do not – and cannot – satisfy the limited bases on which rehearing may be granted. That is, IGF did not identify any new evidence that could be considered in this record review case and there is no change in the law or any "clear error" in the Court's analysis. Instead, plaintiff seeks to re-argue the same points previously made, or argue points that were not raised before the Court and are therefore waived. In sum, IGF failed to provide any basis for relief under Rule 59.

## BACKGROUND

This is a consolidated matter brought by three U.S. importers, American Pacific Plywood, Inc., IGF, and U.S. Global Forest, Inc., challenging a determination of evasion of antidumping and countervailing duty orders on certain hardwood plywood from the People's Republic of China under the Enforce and Protect Act (EAPA), 19 U.S.C. § 1517.[1]  This Court sustained the original evasion determination, but the matter was remanded to CBP in light of the Federal Circuit's decision in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023), requiring that CBP provide certain third-party confidential information to plaintiffs, which CBP relied upon in its finding of evasion.  ECF Nos. 93, 94.  Accordingly, CBP re-opened the record and permitted parties to provide additional evidence.  IGF submitted additional information on the record.  CBP issued its remand redetermination on May 28, 2024.  ECF Nos. 97, 98.

---

[1] *See Certain Hardwood Plywood Products from the People's Republic of China*, 83 Fed. Reg. 504 (Dep't of Commerce Jan. 4, 2018) (antidumping duty order); *Certain Hardwood Plywood Products from the People's Republic of China*, 83 Fed. Reg. 513 (Dep't of Commerce Jan. 4, 2018) (countervailing duty order).

Plaintiffs subsequently challenged CBP's remand redetermination in which CBP found evasion of antidumping and countervailing duties. On March 5, 2025, prior to this Court's decision, IGF filed a motion for oral argument and for additional relief.  ECF Nos. 124, 125.  Later that day, IGF sought to have this Court take judicial notice of a stipulated judgment and a motion for entry of confession of judgment entered in *Richmond Int'l Forest Prods., LLC v. United States*, Consol. Court No. 21-00318 and Court No. 21-00178, two completely separate cases between the United States and a company not a party to this lawsuit, brought pursuant to a different jurisdictional predicate (28 U.S.C. § 1581(a)) that apply different burdens, with a distinguishable set of facts.  ECF Nos. 127, 128.  The Court considered the motion for oral argument to be a supplemental merits brief and permitted the Government to respond, which it did on April 3, 2025.  ECF Nos. 127, 132.  IGF then attempted to file an additional "reply" brief, without seeking leave of the Court, which was properly stricken.  ECF No. 135. On July 9, 2025, this Court issued Slip. Op. 25-87, in which it sustained CBP's finding of evasion on remand and entered judgment for both the defendant and the defendant-intervenors.  The Court further

determined that judicial notice did not apply because, in the *Richmond*

matters, Customs did not succeed in previously persuading the

*Richmond* court with a position inconsistent with its current position.

*Id.* at 25-28

Under EAPA, based on an administrative investigation, CBP must

determine whether substantial evidence exists in the administrative

record to conclude that antidumping/countervailing duties have been

evaded.  19 U.S.C. § 1517(c)(1)(A).  Challenges to a final determination

made by CBP under EAPA are heard before this Court pursuant to

jurisdiction under 28 U.S.C. § 1581(c).

Crucially, in reviewing CBP's evasion determinations, the Court

determines whether CBP complied with procedures under the EAPA

statute, 19 U.S.C. § 1517, and specifically "whether any determination,

finding, or conclusion is arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law."  19 U.S.C. § 1517(g)(2).  The

Court's review of evasion determinations is limited to the agency record

and considers "whether the record is adequate to support the

administrative action."  *PSC VSMPO-Avisma Corp. v. United States*,

688 F.3d 751, 761 (Fed. Cir. 2012).  Stated another way, the Court may

not consider extra-record information. *See Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1278 (Fed. Cir. 2012) (reversing order instructing Commerce to consider extra-record information because "the trial court's order usurps agency power, undermines Commerce's ability to administer the statute entrusted to it, contradicts important principles of finality, and discourages compliance").

The crux of IGF's arguments, as was the case in its motions for oral argument and judicial notice, was that the Court refused to consider extra-record evidence which was not before the administrative agency, in making its determination. The Court, however, applied the proper standard in its review of the agency's determination and appropriately disregarded the extra-record evidence that IGF attempted to submit. Grounds for rehearing do not exist here.

<u>**ARGUMENT**</u>

## I.    IGF CANNOT SATISFY THE STANDARD FOR REHEARING

It is well-established that the standard for granting a motion for rehearing or reconsideration is "strict." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Although the decision to grant a motion for rehearing and/or reconsideration is within

6

the sound discretion of the court, *see Ford Motor Co. v. United States*, 751 F. Supp. 2d 1316, 1317 (Ct. Int'l Trade 2010); *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990), it should only be granted when the party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotations omitted); *see Ford Motor Co.*, 751 F. Supp. 2d at 1317 (holding that the primary grounds for supporting the grant of a motion for rehearing or reconsideration are "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent a manifest injustice." (internal quotations omitted)); *Ford Motor Co. v. United States*, 30 CIT 1587, 1588 (2006) (same); *see also Royal Thai Gov't v. United States*, 441 F. Supp. 2d 1350, 1354 (Ct. Int'l Trade 2006) (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

No grounds for reconsideration exist here. Indeed, IGF cannot identify any "clear factual or legal error" in the Court's decision, there

has been no change in the law and the only evidence that this Court can

consider is that which was in the administrative record.

## II.   THE COURT'S ORDER STRIKING IGF'S "REPLY" BRIEF WAS ENTIRELY PROPER, DOES NOT VIOLATE DUE PROCESS, AND DOES NOT WARRANT RECONSIDERATION

As the Court is aware, IGF made a motion, purportedly seeking

"oral argument" on its motion for judgment on the agency record – a

request that the Court denied – and a motion for judicial notice.  ECF

Nos. 124, 125, 128, 129.  The Court denied plaintiff's motion for oral

argument, but treated the remainder of the submission as a

supplemental merits brief (related to the motion for judgment on the

agency record) and permitted defendant to respond.  ECF No. 127.  The

Government responded on April 3, 2025.  ECF No. 132.  Now, IGF

states, incorrectly, that it was entitled to file a reply brief in further

support of its request for judicial notice, under Rule 7(d), and that the

Court improperly struck its "reply," which warrants reconsideration.

Pl. Br. at  3-4.  However, IGF was permitted all of the briefing it was

due (and one additional supplemental submission) under Rule 56.2.

## A. IGF Was Not Entitled To A Reply Brief Under The Rules

Indeed, Rule 7[2] does not govern this Court's review of a determination by CBP made under the Enforce and Protect Act, 19 U.S.C. § 1517. Instead, Rule 56.2, covering "Judgment on an Agency Record for an Action Described in 28 U.S.C. 1581(c)" (of which a claim under EAPA is included), governs these proceedings and was properly applied here. Rule 56.2 does not expressly permit the filing of any brief other than those set forth in Rule 56.2; that is, it does not expressly permit either IGF's motion for oral argument, motion for judicial notice, or its "reply" brief, all of which were improperly submitted without seeking leave of the Court. *See* Rule 56.2(d) & (h).

Specifically, under Rule 56.2(d), movants are permitted a motion for judgment on the agency record, opposing parties are permitted a responsive brief, and movants are entitled to a reply. *Id.* Importantly, the rule notes, "[n]o other papers or briefs are allowed, except by leave

---

[2] Even if Rule 7 applied to IGF's motion for judicial notice, IGF would not be entitled to a reply brief. Reply briefs are only permitted for dispositive motions. Rule 7(d). A request for the Court to take judicial notice is not dispositive of the case. Here, however, the brief was considered to be a supplemental merits brief, in support of its motion for IGF's motion for judgment on the agency record, to which Rule 56.2 plainly applies.

of court." Rule 56.2(d). Those were precisely the briefs filed. IGF submitted a Judgment on the Agency Record, plaintiff-intervenors filed a similar motion, defendant and defendant-intervenors responded and plaintiff and plaintiff-intervenors were permitted a reply. *See* ECF Nos. 37, 45, 47-52, 55-56, 58, 64-70; *see also* Rule 56.2(d). These submissions were filed on the dates identified in the Court's scheduling orders.

As this Court is aware, after the Court's decision on the original motions for judgment on the agency record, ECF Nos. 81, 82, and the filing of the notice of appeal, ECF Nos. 88, 89, the matter was remanded to CBP following the Federal Circuit's decision in *Royal Brush* in order to permit plaintiffs access to certain confidential information considered by CBP. ECF Nos. 93, 94. Again, in accordance with Rule 56.2, following the filing of CBP's remand redetermination, plaintiff and plaintiff-intervenors were permitted to file comments in opposition to the remand (here filed by plaintiff and plaintiff-intervenors), ECF Nos. 103, 104, 107, 108; defendants and defendant-intervenors were permitted responses to those comments, ECF Nos. 112-115. *See* Rule 56.2(h). As was the case with initial briefing, pursuant to Rule 56.2(h)(5), "[n]o other comments or papers are allowed [after remand

redetermination], except by leave of court." *Id.*

IGF argues that it should have been permitted a reply when it filed a motion for oral argument and a request for the Court to take judicial notice and for other relief. ECF Nos. 124, 125, 128, 129. The Court denied the motion for oral argument, and treated IGF's motion (ECF Nos. 124, 125) as a "supplemental merits brief" (despite IGF not seeking leave of the Court) and the Court directed defendant to respond. ECF No. 127. The Court permitted the filing, as it has the authority to do, under Rule 56.2. A further "reply" – *i.e.,* a further supplemental submission – is not permitted under the rule. If IGF believed additional briefing was needed, leave of the Court should have been sought. *See* Rule 56.2. It was neither sought prior to the filing of the "reply," nor after it was properly stricken by the Court.

## B.    There Was No Violation Of Due Process

IGF's assertion that the inability to file a reply deprived IGF of due process, Pl. Br. at 4-5, fails for many of the same reasons already articulated. All of the parties, including IGF, were permitted all the process that was due under the Rules of this Court. *See* Rule 56.2. IGF filed a motion for judgment on the agency record, a reply, comments to

the remand redetermination, and was able to file a supplemental merits brief – without ever seeking leave to do so.  Again, if IGF believed additional briefing was necessary it should have sought leave of the Court to file an additional submission, but did not.  *See id.*

The Court's decision to strike the "reply" was neither erroneous nor a violation of due process, and does not warrant reconsideration.

## III.  THE COURT COMMITTED NO ERROR OF LAW OR FACT THAT WARRANTS RECONSIDERATION

### A. IGF's Out Of Scope Argument Is Unavailing

The Court did not commit any error in rejecting IGF's contention that its merchandise was out of scope because the AD/CVD orders cover plywood containing at least three-plies.  Pl. Br. at 6-9.  The Court agreed with the parties that "IGF never asserted that it shipped goods of fewer than three plies" and did not raise this issue before the agency on remand.  Decision at 10.  IGF states that it did, in fact, claim the merchandise was not "covered merchandise" although not due to the number of plies.[3]  Pl. Br. at 7.  IGF explains its argument to be that its

---

[3] IGF cites to "new" rebuttal evidence, which was submitted during the remand proceedings, in the declarations of Kurt Winn and Fu Wenjie to support its claim.  Pl. Br. at 7.  However, the Court addressed these declarations in its Decision at 13-15, noting that the Court's role is not

three-ply products imported from LB Wood were produced in Cambodia, not China. *Id.*

Whatever IGF's claim, that claim must be presented to the agency for consideration in the first instance, which IGF failed to do. During an EAPA investigation, CBP maintains an administrative record of material obtained and considered by CBP during the investigation, as well as record information submitted by interested parties. 19 U.S.C. § 1517(c)(2); 19 C.F.R. § 165.21. Judicial review in this Court is of CBP's final administrative determination and the original determination as to evasion. 19 U.S.C. § 1517(g)(1). Such judicial review is "limited to determining whether the record is adequate to support the administrative action." *PSC VSMPO-Avisma Corp.*, 688 F.3d at 761.

Here, this Court expressly noted that IGF "cites no record evidence" for its scope claim. Decision at 9. IGF's attempts to recast its claim on the record is unavailing. The Court correctly noted that it does not "hunt[] for truffles" and IGF's failure to raise an argument before the agency results in IGF's waiver of that argument. Decision at 9, 10.

---

to weigh evidence, and that the agency considered and explained that the evidence was not "new substantive information warranting a reversal." Decision at 15.

The remainder of IGF's contentions with respect to the scope argument require little further discussion. Indeed, the question here is *not* "whether plaintiff-intervenor LB Wood had the manufacturing capability to produce large quantities of high-quality birch plywood," or whether the Government "stipulated to [that] as a fact," Pl. Br. at 8, in separate proceedings, under a different statutory framework, involving entries that are not IGF's. In any event, defendant did not stipulate to any fact applicable to this EAPA proceeding, and stipulations entered in a different proceeding and not on the record of this EAPA proceeding are irrelevant. Instead, the relevant inquiry is whether CBP's evasion determination is supported by substantial evidence on the record before the agency, and here, the Court correctly found that it was.

## B. The Court Correctly Rejected Taking Judicial Notice Of Two Separate CIT Actions And Judicial Estoppel Does Not Apply

The Court also correctly declined to take judicial notice of the stipulated judgment and motion for entry of confession of judgment in two separate CIT cases which are not dispositive here. Decision 23-28. In considering this issue, the Court observed that these documents from the *Richmond* cases cannot form the basis for judicial estoppel.

14

Decision at 27. The Court focused on three factors in considering judicial estoppel: "(1) whether the party's later position is 'clearly inconsistent' with its prior one; (2) whether it has 'succeeded in persuading a court' to accept its earlier position; and (3) whether its assertion of an inconsistent position would give it an unfair advantage over the opposing party absent estoppel." Decision at 26 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). Applying these factors, the Court found that CBP did not persuade the *Richmond* court of anything. Decision at 26. The agency confessed error, and there was no intentional self-contradiction to obtain an unfair advantage. *Id.* As this Court observed, the agency's position in the *Richmond* cases and in this case is consistent, and the fact that the Government decided not to pursue the *Richmond* cases cannot be taken as if defendant "'succeeded' in advancing a position 'directly inconsistent' with its theory here." *Id.* at 27.

The Court further aptly noted that "a party cannot be judicially estopped solely because of its capitulation to a position that it opposed (and still opposes)." *Id.* To do so would discourage parties from settling or confessing error which conserves substantial resources. *Id.*

Accordingly, the Court correctly held that judicial estoppel does not apply. *Id*. at 28 ("litigants that settle or confess error should be permitted to live and fight another day...").

Notwithstanding, IGF incorrectly argues for the second time that a stipulated judgment and confession of judgment in separate cases must apply in this record review case. First, IGF argues that the Government took inconsistent positions with LB Woods and the origin of the plywood. However, as the Court observed, our position was consistent as we maintained that certain plywood was made in China in contravention of the relevant orders here. IGF ignores this point and argues that the Court should have required the Government to provide a "good explanation" as to the change in position. Not only does IGF fail to recognize that there was no change in position, but also that the nature of the actions dictate the review and relief that can be affected by the Court. As we have stated previously, this case challenges a decision of evasion by CBP which is reviewed on the record created before the agency. 19 U.S.C. §§ 1517(c)(2) and (g)(1).

An agency record is limited, such that "[a] court cannot set aside application of a proper administrative procedure because it believes

that properly excluded evidence would yield a more accurate result if the evidence were considered." *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761 (Fed. Cir. 2012).  In contrast, the *Richmond* cases were brought to contest the assessment of AD/CVDs on specific entries imported by Richmond International Forest Products, LLC, in a context where the particularities of each entry could be considered *de novo*.  Accordingly, the judicial notice and estoppel arguments IGF seeks to advance here fall flat.

As to the second factor of judicial estoppel, IGF asserts that the Court ignored that factor.  Pl. Br. at 13.  To the contrary, the Court addressed the second factor expressly in its opinion.  Decision at 26. That IGF does not agree with the Court's decision is not grounds for reconsideration.  IGF next contends that in applying the third factor – whether an inconsistent position would give an unfair advantage over the opposing party absent estoppel – the Court did not consider whether IGF would be subject to an unfair detriment.  Pl. Br. at 14.  As explained, we did not take an inconsistent position and have maintained that there is evidence of evasion of the AD/CVD orders and that LB Wood could not manufacture all the plywood exported to the

17

United States.  Decision at 27.  That IGF asserts a detriment because its outcome is different from Richmond's in the *Richmond* cases does not lead to the imposition of judicial estoppel.

Further, IGF contends the Court's denial of judicial notice was clear error because it was the Court's responsibility to "smoke out" improper conduct.  Pl. Br. at 26-28.  IGF rejects the proposition articulated in *Jinko Solar Import and Export Co., Ltd. v. United States*, 701 F. Supp. 3d 1367 (Ct. Int'l Trade 2024) that the court reviews the record compiled before the agency, and no other evidence is permitted. *Id.*  Instead, IGF argues that the Court may look outside the record if there is a showing of bad faith or improper behavior.  *Id.*  The Government did not act improperly or in bad faith, nor does IGF present a "strong showing of bad faith."  IGF's assertion only highlights its failure to comprehend the nature of its challenge to CBP's evasion decision and the significance of record review.  The Court's decision should remain intact as it properly declined to take judicial notice of the *Richmond* documents.

Accordingly, reconsideration of the doctrines of judicial notice and judicial estoppel are unwarranted.

## C. Res Judicata And Collateral Estoppel Do Not Apply

IGF asserts that "in clear error" the Court disregarded res judicata and collateral estoppel. Pl. Br. at 15, 23. For several reasons, plaintiff is wrong and the Court should not consider these arguments.

As an initial matter, IGF failed to raise the doctrine of res judicata or collateral estoppel as bases for relief before this Court, and these arguments are, therefore, waived. *See, e.g.*, *Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.,* 26 F.3d 375, 398 (3d Cir. 1994), *cert. denied,* 513 U.S. 946 (1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'"); *United States v. Great Am. Ins. Co.*, 738 F.3d 1320, 1328 (Fed. Cir. 2013) (stating that "[i]t is well established that arguments that are not appropriately developed in a party's briefing may be deemed waived"); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("[the] law is well established that arguments not raised in the opening brief are waived"); *Novosteel SA v. United States*, 284 F.3d 1261, 1273-74 (Fed. Cir. 2002) (holding that argument raised for the first time in reply brief was waived).

19

These arguments were not raised during the proceedings before the Court, but instead *only* in a "reply" to IGF's motion for oral argument, which IGF was not authorized to file under the Rules of this Court. The Court properly struck IGF's "reply" from the docket as discussed above. Now, IGF seeks to revive these arguments in its motion for reconsideration. But because these issues were never before the Court in the first instance – and thus not considered by the Court – IGF cannot be entitled to reconsideration of these issues.

Moreover, neither res judicata nor collateral estoppel would be appropriate on these facts. This case challenges CBP's determination of evasion, which is reviewed on the record developed before the agency. 19 U.S.C. §§ 1517(c)(2) and (g)(1). In such cases, the Court's highly deferential review – whether the agency's decision was arbitrary and capricious when it determined that substantial evidence exists in the administrative record to conclude that antidumping/countervailing duties have been evaded under 19 U.S.C. § 1517(c)(1)(A) – *must be* limited to the facts before the agency at the time the decision was made. An EAPA investigation and an EAPA determination cover entries made by specific importers during a specified time-period. The two *Richmond*

cases that IGF references were brought under 28 U.S.C. § 1581(a)

jurisdiction, a *de novo* review challenging CBP's decision on a protest

under 19 U.S.C. § 1514(a) as to only certain specific entries made by a

different importer.  Those entries at issue in *Richmond* were not part of

the EAPA investigation and, therefore, no decision as to those specific

entries can be relevant to whether there is substantial evidence in a

separate record before the Court to support a finding of evasion.

Even if these doctrines were properly placed before the Court –

which they were not – a stipulated judgment in one case would not be

dispositive of the agency's determination based upon the distinct record

developed in another case.

Indeed, "[u]nder the doctrine of res judicata (or claim preclusion)

'[a] final judgment on the merits of an action precludes the parties or

their privies from relitigating issues that were or could have been

raised in that action.'"  *United States v. Am. Home. Ass. Co.*, 653 F.

Supp.3d 1277, 1282-83 (Ct. Int'l Trade 2023).  That is, (1) the *parties*

must identical or in privity; (2) the first suit proceeded to a final

judgment on the merits; and (3) the second suit is based on the "same

set of *transactional facts.*"  *Id.* at 1283 (emphasis in original).  Those

factors cannot be satisfied here.

First, the plaintiff in the *Richmond* matters was neither identical to, nor in privity with, the plaintiff here, IGF. Plaintiff asserts that "LB Wood was in privity with Richmond" and "LB Wood is a party to this action." Pl. Br. at 17. That does not satisfy the applicable test. Privity, for purposes of a res judicata analysis, means that "a new defendant has 'a sufficiently close relationship to the original defendant to justify preclusion.'" *Alaimo v. General Motors Corp.*, 2008 WL 4695026 *5 (S.D.N.Y Oct. 20, 2008) (quoting *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.,* 56 F.3d 359, 367-68 (2d Cir. 1995)). Here, privity is required between IGF and Richmond, which does not exist.

Second, neither of the Richmond matters proceeded to final judgment. Neither a settlement nor a stipulation is a final judgment on the merits.

Third, the second suit, *i.e.*, this EAPA matter, is not based on the "same set of operative facts" as either of the *Richmond* matters. IGF's claim that "the transactional facts for both claims are the origin of LB Wood's birch plywood in 2018-2019" is an oversimplification of these matters. Pl. Br. at 18. As set forth more fully in the Government's

22

response to IGF's motion for oral argument, ECF No. 132, the issue in

*Richmond* was the country of origin of Richmond's specific entries of

merchandise that were manufactured by LB Wood. The record

developed before CBP in the instant matter was much broader, covering

entries made by three importers and more than one supplier. Unlike

the *Richmond* matters, the issue and the operative facts in the instant

matter is whether there was substantial evidence in the record to

support a finding of evasion against IGF.

Turning to collateral estoppel, the Court of Appeals for the

Federal Circuit in *Aspex Eyewear, Inc. v. Zenni Optical, Inc.*, 713 F.3d

1377, 1380 (Fed. Cir. 2013) identified the proper analysis for such a

claim. Applying the standard set forth in Eleventh Circuit, the appeals

court noted:

> To claim the benefit of collateral estoppel the party relying
> on the doctrine must show that: (1) the issue at stake is
> identical to the one involved in the prior proceeding; (2) the
> issue was actually litigated in the prior proceeding; (3) the
> determination of the issue in the prior litigation must have
> been 'a critical and necessary part' of the judgment in the
> first action; and (4) the party against whom collateral
> estoppel is asserted must have had a full and fair
> opportunity to litigate the issue in the prior proceeding.

*Id.* (quoting *Cristo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000)). For

many of the same reasons already articulated herein, these elements cannot be satisfied on the facts of this case. First, the issue in the *Richmond* matters is not "identical" to the one here. Again, those cases covered entries made by a particular importer, and the Court looked at the country of origin of the merchandise in those precise entries. Here, the Court must determine whether there is substantial evidence in the record to support a finding of evasion against IGF. The entries considered in the EAPA investigation involved different importers, and more than one supplier. Plainly, the first element cannot be satisfied. And, even if the issue were identical to the one in the *Richmond* matters (which it is not), that case was not "actually litigated." Instead, the parties entered into a stipulated judgment and a confession of judgment – neither of which involved litigating the merits of the issue. Because these elements could never be met, the Court need not even consider the remaining factors.

Therefore, res judicata and collateral estoppel, even if appropriately raised, do not warrant any relief resulting from reconsideration.

## D. Stare Decisis Does Not Apply

IGF next tries to apply *stare decisis,* asserting that "its application would require a judgment favorable to [IGF] and LB Wood."  Pl. Br. at 25.  For several reasons, IGF is wrong.

As a threshold matter, the Court properly struck IGF's improper "reply" in further support of its motion for oral argument and judicial notice.  Thus, it was not clear error that the Court did not consider the principle of *stare decisis* as that argument was never before the Court in the first instance.

But, even if considered, *stare decisis* is plainly inapplicable here.  The Court of Appeals for the Federal Circuit, in *Deckers Corp. v. United States*, 752 F.3d 949 (Fed. Cir. 2014), addressed this analysis.  It held that "each ***prior precedential holding*** of the court becomes a 'statement of the law, or precedent, binding in future cases before the same court or another court owing obedience to its decision.'"  *Id.* at 956 (emphasis added) (quoting *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1570 (Fed. Cir. 1993)).  Plainly, the stipulated judgment was not a prior precedential holding.

And, this principle applies only with respect to "legal

determinations." *Deckers*, 752 F.2d 956; *see Avenues in Leather, Inc. v. United States,* 423 F.3d 1326, 1331 (Fed. Cir. 2005) ("*Stare decisis* in essence 'makes each judgment a statement of the law, or precedent, binding in future cases before the same court or another court owing obedience to its decision . . . . It deals only with law . . . .")  "[T]he facts of each case must be determined by the evidence adduced at trial . . ." *Aves. In Leather*, 423 F.3d at 1331.  As the *Deckers* court noted, "[i]n this Circuit, a later panel is bound by the determinations of a prior panel, unless relieved of that obligation by an *en banc* order of the court or a decision of the Supreme Court."  *Id.* at 959.

Here, plaintiff attempts to apply *stare decisis* to facts – "the facts of where Plaintiff-intervenor LB Wood's plywood originated" – which is directly contrary to the application of this principle.  Pl. Br. at 26.  The Court's finding of evasion is plainly not precluded by *stare decisis*, and the Court committed no error and reconsideration should be denied.

## E. Adverse Inference Cannot Be Taken Against The Government

IGF additionally argues that an adverse inference should be taken against the Government because, it asserts, we have not acted to the best of our ability to comply with a request for information and the

remand order. Pl. Br. at 28-29. First, IGF has no basis for this accusation and there was no impropriety in the Government's actions. Second, as is the case with many of IGF's claims, this argument was not before the Court previously and is therefore waived. Third, IGF's adverse inference understanding is confused and incorrect.

In this case, CBP conducted an EAPA investigation pursuant to its statutory authority to determine if there was evasion of AD/CVD orders. 19 U.S.C. § 1517. The EAPA statute grants CBP broad discretion to determine the scope and means of the investigation, including the authority to collect and verify any information it deems necessary to make its evasion determination. 19 U.S.C. § 1517(c)(2). Under 19 U.S.C. § 1517(c)(3) of the EAPA statute, it is CBP that has the authority to apply adverse inferences against interested parties who do not cooperate to the best of their ability in responding to CBP's requests for information. However, IGF erroneously argues the opposite. Neither IGF's reference to 19 U.S.C. § 1677e(b), as an authority of Department of Commerce to draw adverse inferences in proceedings it conducts, nor the cases cited by IGF, *e.g.*, *Jinko Solar Import and Export Co.*, 701 F.Supp.3d 1367, support its novel theory of adverse

inference applied against the Government.  Pl. Br. at 28-29.

Moreover, plaintiff's contention that the Government "suppressed evidence" is patently incorrect.  Pl. Br. at 19-22, 29.  IGF asserts that certain evidence, which was identified in discovery in the *Richmond* matters, was not included in the "Remand Appendix" and that somehow is a "flagrant violation of the Court's remand order."  *Id.* 20-22.  IGF is, again, wrong.  First, as IGF noted, the information identified on pages 19-22 of its brief "**are in this case's record**," Pl. Br. at 19, and therefore, there was no effort to withhold information from IGF.  Moreover, IGF had the opportunity to, and in fact did, add evidence to the administrative record during the remand proceedings; therefore, in the event any evidence was not part of the record, IGF could have added such evidence to the record at that time.  That the information was not part of the remand appendix resulted simply from the fact that it was not cited by either party; certainly not a basis for an adverse inference, or reconsideration.

## F. There Is No Manifest Injustice

This Court correctly applied the standard for review on the agency record and there is no manifest injustice.  IGF's arguments here ignore

28

the parameters within which the Court makes its decision, and the evidence that can be considered, simply arguing that the Court's conclusion is not fair when considered against the outcome in entirely different matters. That argument does not warrant any relief from the Court.

As stated, the issues in the *Richmond* cases and those here are not identical. Here, the only thing this Court can consider is whether CBP's determination of evasion – based on entries made by three different importers (not just IGF) and two different suppliers (not just LB Wood) – was supported by the substantial evidence found in the record before it. The Court, on two occasions, found that there was substantial evidence in the record to support that determination. Even if the Court had issued a final dispositive opinion in the *Richmond* matters – which it did not – and even if the Court found that the country of origin was Cambodia for the merchandise at issue in the *Richmond* entries, that would not change the Court's analysis here. The specific evidence with respect to the *Richmond* entries was not part of the EAPA investigation and the facts regarding the origin of that merchandise is not part of this record.

None of the multitude of equitable principles identified in this motion warrant reconsideration. Simply put, no manifest justice exists.

In sum, none of the limited bases identified for rehearing exists here. That is, IGF did not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104 (internal quotation marks omitted). Therefore, reconsideration of the Court's decision is unwarranted.

## CONCLUSION

For these reasons, and because plaintiff cannot satisfy any of the articulated grounds for rehearing pursuant to USCIT R. 59, we respectfully request that the Court deny plaintiff's motion.

<div style="margin-left:40%">

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

By:  /s/ Aimee Lee
      AIMEE LEE
      Assistant director

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346+
New York, New York 10278
*Attorneys for Defendant*
Tel. No. 212-264-9240

</div>

Of Counsel:
Tamari Lavignava
Office of Chief Counsel
U.S. Customs and Border
Protection
Dated: December 12, 2025

31

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., *et al.*, | : |
| | : |
| | : |
| Plaintiffs, | : Consol. Ct. No. 20-03914 |
| | : |
| and | : |
| | : |
| LB WOOD CAMBODIA CO., LTD., *et al.*, | : Before: M. Miller Baker, |
| | : Judge |
| Plaintiff-Intervenors, | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant, | : |
| | : |
| and | : |
| | : |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | : |
| | : |
| Defendant-Intervenor. | : |
| | : |

CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT
STANDARD CHAMBER PROCEDURE 2(B)

I, Monica P. Triana, trial counsel in the Office of the Assistant

Attorney General, Civil Division, Commercial Litigation Branch,

International Trade Field Office, who is responsible for the foregoing

brief, relying upon the Microsoft Word word count feature of the word

processing program used to prepare the brief, certify that this brief

complies with the type-volume limitation under USCIT Standard

Chamber Procedure 2(B) and contains 5,902 words.


/s/ Monica P. Triana