# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN PACIFIC PLYWOOD, INC.; INTERGLOBAL FOREST, LLC; and U.S. GLOBAL FOREST, INC.,<br><br>Plaintiffs,<br><br>and<br><br>LB WOOD CAMBODIA CO., LTD., and CAMBODIAN HAPPY HOME WOOD PRODUCTS CO, LTD.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD,<br><br>Defendant-Intervenor. | **PUBLIC VERSION**<br>Confidential and Business Proprietary Information contained in brackets in Exhibit 1 hereto on p.3 has been redacted<br><br>Consol. Ct. No. 20-03914<br><br>Before: M. Miller Baker, Judge<br><br>**PLAINTIFF INTERGLOBAL FOREST, LLC'S MOTION FOR CLARIFICATION OF ORDER ON REMAND (ECF 158) AND TO COMPLETE THE ADMINISTRATIVE RECORD**<br><br>William T. Carlsen, Esq.<br>CADDEN & FULLER LLP<br>2050 Main Street, Suite 150<br>Irvine, CA 92614<br>*Counsel to Plaintiff, Interglobal Forest, LLC*<br><br>Dated March 30, 2026 |

**PLAINTIFF INTERGLOBAL FOREST, LLC'S MOTION FOR CLARIFICATION OF ORDER ON REMAND (ECF 158) AND TO COMPLETE THE ADMINISTRATIVE RECORD**

# Table of Contents

I.    Procedural Background ..................................................................................1

    A. After The Court Found That The Government Had Violated The Administrative Procedure Act, The Court (i) Vacated The Judgment Against IGF, And (ii) Issued The Second Remand Order ..................................................................................2

    B. The Parties Are At An Impasse Over The Scope Of The Second Remand Order ............................................................................3

    C. The Parties Met And Conferred In An Attempt To Resolve This Document Dispute But Have Been Unsuccessful To Date .........5

II.    The Government Failed to Inform the Court that the Secret Agency Data Trove is Comprised of Thousands of Pages of Material, far beyond the Six Documents Specified in the IGF" ...................................................5

    A. At The Feb.13, 2026 Status Conference, The Government Was Unable To Tell The Court Whether Documents Were On The Admin. Record Or Had Been Improperly Withheld....................5

    B. In Its Response Dated February 18, 2026, The Government Failed To Disclose The Scope Of Its Secret Data Trove .............6

III.    Argument ....................................................................................7

    A.  Clarification Is Warranted ........................................................7

    B.  The APA Requires Inclusion of All Withheld LB Wood Materials ............................................................................ 8

    C. Royal Brush Independently Requires Full Disclosure ............. 9

    D.  A The Second Remand Order Must Require Production of the Entire Set of Withheld LB Wood Materials ................. 9

IV.    Conclusion..................................................................................10

i

# Table of Authorities

## CASES

*Axiom Resource Management, Inc. v. United States,*
564 F.3d 1374 (Fed. Cir. 2009) ................................................................8

*Citizens to Preserve Overton Park, Inc. v. Volpe,*
401 U.S. 402 (1971) ................................................................ 8

*Defenders of Wildlife v. Dalton,*
24 C.I.T. 1116 (2000) ................................................................8

*Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n,*
345 F. Supp. 3d 1 (D.D.C. 2018) ................................................................1

*Royal Brush Manufacturing, Inc. v. United States,*
75 F.4th 1250 (Fed. Cir. 2023) ........................................................ 1,2,7,9

## Statutes

5 U.S.C. § 706.................................................................................................8
19 U.S.C. § 706 ...........................................................................................1

## Rules

USCIT Rule 7..................................................................................................1
USCIT Rule 7(b)..............................................................................................1
USCIT Rule 56.2(h)..........................................................................................1
USCIT Rule 73.3..............................................................................................1

## Other Authorities

ECF 150 ................................................................................ 2
ECF 155 ................................................................................ 6

ECF 156 ....................................................................... 2

ECF 156-2 ............................................................... 2, 6,7,9

ECF 157 (Opinion) ...................................................... 2, 6, 9

ECF 158 (Second Remand Order) ............................... 1, 2, 10

**<u>PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S FEBRUARY 27, 2026 SECOND REMAND ORDER (ECF 158) AND AN ORDER TO COMPLETE THE ADMINISTRATIVE RECORD.</u>**

Pursuant to USCIT Rules 7 and 56.2(h), Plaintiff Interglobal Forest, LLC ("IGF") respectfully moves for clarification of the Court's February 27, 2026 Order (ECF 158, the "Second Remand Order"). In conjunction therewith, pursuant to USCIT Rules 7(b) and 73.3, IGF moves for an order compelling Defendant United States ("Government") to supplement the administrative record by adding "all materials that might have influenced the agency's decision, and not merely those on which the agency relied in its final decision." (Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n, 345 F. Supp. 3d 1, 6 (D.D.C. 2018) (internal quotation marks and citations omitted, emphasis added); See 19 USC 706 (the "whole record" is required for judicial review).

## I. PROCEDURAL BACKGROUND

**A. After The Court Found That The Government Had Violated The Administrative Procedure Act, The Court (i) Vacated The Judgment Against IGF, And (ii) Issued The Second Remand Order.**

This consolidated action challenges CBP's affirmative evasion determination under the Enforce and Protect Act ("EAPA"). After the Federal Circuit's decision in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023), this Court remanded for CBP to comply with *Royal Brush* and to provide the confidential information underlying its determination.

1

Despite having a second chance to provide IGF with access to the confidential facts and documents on which it based its determination of evasion, CBP still failed to do so. The Government then falsely represented to this Court that IGF had access to all business confidential information and that the documents IGF identified in its motion for reconsideration were "in this case's record." ECF 150 at 28 (emphasis in original). When ordered to confirm that representation, the Government admitted that *none* of those documents were ever placed on the record. ECF 156.

As the Court has now found, CBP employees prevented the agency's own decisionmakers from receiving key materials from the June 2018 LB Wood site visit, violating the Administrative Procedure Act ("APA"). See Slip Op. 26-23 (ECF 157, the "Opinion"), at p. 21-22, citing the Vandall Declaration (ECF 156-2) at ¶ 5, ¶ 10 and ¶ 13, and p. 23, Footnote 14.

Therefore the Court issued the Second Remand Order (ECF 158). As set forth below, the Government continues to violate both the letter and the spirit of that order and is withholding thousands of pages of relevant confidential documents.

**B. The Parties Are At An Impasse Over The Scope Of The Second Remand Order.**

IGF believes that the Court intended the Second Remand Order to be read in conjunction with, and interpreted by reference to, the Opinion, (ECF 157), as well as the requirements of the Administrative Procedure Act, Royal Brush disclosure obligations, and the first remand order. Significantly, in the Opinion, the Court found that the Government was withholding a "secret agency data trove" of documents (ECF 157, pp. 19

and 22). As set forth below, the scope of the "secret agency data trove" encompasses **thousands of pages** of LB Wood-related investigative materials, the nature and extent of which the Government has intentionally concealed from the Court.

The Government intends to oppose this motion, as it asserts that Customs has not willfully concealed documents from the Court, has complied with the letter of the Second Remand Order, and that the seven confidential documents which CBP uploaded in response to the Second Remand Order constitute the "whole record" on which CBP relied in coming to its determination of evasion against IGF.

**C. The Parties Met And Conferred In An Attempt To Resolve This Document Dispute But Have Been Unsuccessful To Date.**

The parties have attempted to resolve their dispute without utilizing valuable court time. To that end, on March 18, 2026, after CBP had only loaded six confidential documents on the EAPA Content Management System, IGF sent a letter to CBP representatives Tobias Vandall and Steven Emilius (a true and correct copy of which is attached hereto as Exhibit 1) specifying a list of the withheld documents and categories of withheld documents which IGF maintains that CBP must add to supplement the Second Remand Administrative Record. Those materials are identified on pages 5 through 9 in numbered items 1 through 34 of Exhibit 1 attached hereto.

In response to this letter, CBP uploaded two additional photographs, one of which was corrupted and thus could not be opened. On March 27, 2026, IGF sent a follow-up letter to Messrs. Vandall and Emilius, also addressed to Tamari Lagvilava, Senior Attorney, Office of

the Chief Counsel, CBP (a true and correct copy of which is attached hereto as Exhibit 2). IGF received no substantive response to that letter.

In addition to communicating directly with CBP, on March 20, 2026, IGF emailed (i) Defendant United States' counsel, Monica P. Triana, Senior Trial Counsel for the U.S. Department of Justice, (ii) CBP's counsel, Tamari Lagvilava, Senior Attorney, Office of the Chief Counsel, CBP and (iii) Defendant-Intervenor The Coalition for Fair Trade in Hardwood Plywood's counsel, Maureen E. Thorson of Wiley Rein LLP, a detailed meet and confer letter setting forth facts and law in support of IGF's position that the record must be supplemented and requesting the parties meet and confer telephonically to attempt to resolve IGF's contemplated motion for clarification.

On March 25, 2026, attorneys for IGF and for the Department of Justice held a telephonic meet and confer and discussed each party's position with respect to the scope of the Second Remand Order and possible resolution. After meeting and conferring on this issue, IGF and the Government agreed that the Second Remand Order needs clarification because Plaintiff and the Government have conflicting positions as to the Second Remand Order's scope.

In furtherance of a resolution, counsel for the Department of Justice agreed to, among other things, (i) consult with (CBP) regarding the parties' request for clarification of the court's order and provide IGF with CBP's position on whether court clarification is needed or supported, and (ii) work with CBP to review the March 18, 2026 letter (Exhibit 1 hereto) and the documents listed therein, determine which are on the record and which are not, and provide this information to the parties to help resolve the record completeness issue.

While IGF continues to reach out to CBP, to date it has not received the information requested. IGF undertakes to continue to attempt to resolve this document production issue prior to the hearing date of this motion.

II. **THE GOVERNMENT FAILED TO INFORM THE COURT THAT THE "SECRET AGENCY DATA TROVE" IS COMPRISED OF THOUSANDS OF PAGES OF MATERIALS, FAR BEYOND THE SIX DOCUMENTS SPECIFIED IN IGF'S MOTION FOR REHEARING.**

**A. At The February 13, 2026 Status Conference, The Government Was Unable To Tell The Court Whether Documents Were On The Administrative Record Or Had Been Improperly Withheld.**

In response to IGF's motion for rehearing, on February 9, 2026, the Court issued an order scheduling a telephonic status conference for February 13, 2026, and directed the Government to be prepared to address IGF's contention that certain materials identified in the agency's discovery responses in the *Richmond* litigation — as related to Customs's LB Wood investigation — were not included in the EAPA administrative record filed with the Court. (*See* Motion for Reconsideration, ECF 140, at pp. 20–22).

However, at the telephonic status conference on February 13, 2026, ordered by the Court to get to the bottom of the nature and scope of the secret documents being withheld, the Government's counsel, Monica Triana, was unable to tell the Court whether certain documents identified in IGF's motion for reconsideration had been withheld from the

administrative record. This prompted the Court to characterize the Government's responses to direct questions as cagey, evasive, and absurd. *See* February 13, 2026 Order (ECF 155) at Footnote 1 and Opinion (ECF 157) at p. 20, ¶ 2). The Court then ordered the Government to state, no later than February 18, 2026, whether six specific documents cited in the motion for reconsideration were part of the administrative record filed with the Court at any point.(*See* ECF 140, at pp. 20–22).

**B. In Its Response Dated February 18, 2026, The Government Failed To Disclose The Scope Of Its Secret Data Trove.**

Although the Court had specifically ordered the government to forthrightly state whether the agency included in the administrative record the additional materials produced in *Richmond II* related to the investigation of LB Wood (see ECF 157, pp. 20-21), and despite being castigated by the Court for its "dissembling," neither the Government's counsel, Monica Triana (Senior Litigation Counsel, DOJ) nor Tamari Lagvilava (Sr. Attorney, Office of the Chief Counsel, CBP), informed the Court that the withheld materials extended *far* beyond six documents.

Tobias Vandall, CBP's senior analyst responsible for certifying the administrative record, compounded this failure by filing a deceptive declaration (ECF 156-2) which side-stepped his obligation to inform the Court as to the true scope of the Government's secret data trove. Mr. Vandall deceptively limited his declaration solely to the documents IGF had specifically cited in its motion for rehearing, rather than "forthrightly" identifying the "additional materials produced in the

Richmond litigation related to the investigation of LB Wood."[1] Those additional materials — as reflected in CBP's productions and privilege logs in Richmond II, include photographs, videos, site-visit reports, internal CBP communications, and third-party inspection materials relating to LB Wood. The Bates-numbered Richmond II productions (e.g., GOV0002579–GOV0010221) and associated privilege logs (compare the disclosures in ECF 36-2 with the secret data trove exposed in ECF 43-1) demonstrate that the withheld set encompasses **thousands of pages** of LB Wood-related investigative materials.

Plaintiff thus asks the Court to clarify the intent of the Second Remand Order and further order CBP to comply with its disclosure obligations under the ADA and Royal Brush[2].

III.   **ARGUMENT**

**A. Clarification Is Warranted**

Because the Court has already found that CBP employees "prevented their own agency" from considering relevant materials, any ambiguity in the Second Remand Order creates a significant risk that CBP will again

---

[1]   The Court noted that "[t]he jig being up, the government filed a declaration by Tobias Vandall, the agency's lead analyst in its EAPA investigation" in which he stated that his requests for "any reports regarding the site visit *were unanswered*." (emphasis in original) *See* ECF 156-2 at ¶ 13. Mr. Vandall's declaration also stated that he was not provided with the other materials he requested, notwithstanding that he "specifically asked for any photos and reports obtained during or generated after the visit." *Id.* ¶ 10.

[2] Customs has since added two additional photographs, one of which was corrupted and could not be downloaded by Plaintiff.

limit the record to a curated subset. A motion for clarification is proper when a court order is ambiguous or when key facts were not before the court. The Second Remand Order is ambiguous on the scope of the materials CBP must add to the record because the Government was not forthcoming and forthright about the scope of hidden documents in its secret data trove. Because the Government disclosed to the Court only a narrow subset of withheld LB Wood materials before the Court issued its order, clarification is needed to ensure that the required remand is meaningful and consistent with the Opinion.

## B. The APA Requires Inclusion of All Withheld LB Wood Materials

Judicial review under the APA requires that "the court **shall review the whole record** or parts cited to it by a party…" 5 U.S.C. § 706 (emphasis added). The "whole record" is "the full administrative record that was before the {agency} at the time {it} made {its} decision." *Defenders of Wildlife v. Dalton*, 24 C.I.T. 1116, 1118 (2000)(quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 28 L. Ed. 2d 136, 91 S. Ct. 814 (1971)) and means all materials "directly or indirectly considered" by the agency. *Id.* at 420; *Axiom*, 564 F.3d at 1381.

CBP's withheld LB Wood materials satisfy the standard for record completion because they:

1. were known to CBP (produced in Richmond discovery),

2. relate directly to the evasion determination (LB Wood's production capacity and country of origin), and

8

3. are adverse to CBP's position (the Government stipulated in Richmond II that LB Wood's production was of Cambodian origin).

The Court has already found that CBP employees suppressed adverse site-visit materials and violated the APA by so doing (see the Opinion (ECF 157) at p. 21-22, citing the Vandall Declaration (ECF 156-2) at ¶ 5, ¶ 10 and ¶ 13, and p. 23, Footnote 14. That suppression cannot limit the scope of the administrative record; it obligates CBP to produce all such materials now.

### C. *Royal Brush* Independently Requires Full Disclosure

*Royal Brush* requires CBP to disclose to the parties the information underlying its evasion determinations. 75 F.4th at 1259. The Government's continued withholding of LB Wood investigation materials - particularly those demonstrating Cambodian origin - is incompatible with *Royal Brush* and with this Court's prior remand instructions.

### D. The Second Remand Order Must Require Production of the Entire Set of Withheld LB Wood Materials

To give full effect to the Opinion, the Court should clarify that CBP must:

- identify every LB Wood investigation document in its possession not previously placed on the EAPA record, and

- add those materials to the remand administrative record and to the EAPA portal.

This includes the documents and categories of documents set forth in Exhibit 1 hereto, including but not limited to all photographs, videos,

9

site-visit reports, internal CBP communications, and third-party inspection materials relating to LB Wood, whether created by CBP, Cosco Star, APPI, or Benchmark International.

## IV.    CONCLUSION

IGF respectfully requests that the Court grant this motion to clarify its Second Remand Order (ECF 158) and compel CBP to complete the administrative record by:

1.  identifying and adding to the remand administrative record all LB Wood investigation materials in its possession that were not previously included in the EAPA administrative record, including but not limited to the specific documents and categories of documents set forth on Exhibit 1 hereto;

2.  producing those materials in the EAPA portal within 21 days;

3.  allowing IGF 30 days to upload rebuttal facts and documents once the Government has added those records necessary to complete the EAPA administrative record; and

4.  granting such other relief as the Court deems appropriate.

Clarification is necessary to ensure that the remand proceedings address the full scope of the APA violation identified in the Opinion and to prevent further withholding of materials central to CBP's own decision-making process. A proposed form of amended order is attached.

Respectfully submitted,

William T. Carlsen, Esq.
CADDEN & FULLER LLP
2050 Main Street, Suite 150
Irvine, California 92614
Tel: (949) 788-0827
wcarlsen@caddenfuller.com

Dated: March 30, 2026
Counsel for Plaintiff Interglobal Forest, LLC

CERTIFICATE OF COMPLIANCE WITH
WORD COUNT LIMITATION
American Plywood, Inc., et al. v. United States
Consol. Court No. 20-03914 (Ct. Int'l Trade)
Remand No. 7321 EAPA-00008296

I, William T. Carlsen, of Cadden & Fuller LLP, am responsible for filing the foregoing motion, Plaintiff InterGlobal Forest, LLC's Motion for Clarification of Order on Remand (ECF 168) and to Complete the Administrative Record  and, relying upon the Microsoft Word-Count feature of the word processing system used to prepare the motion, certify that this motion complies with the word count limitation of the U.S. Court of International Trade Standard Chamber Procedures and contains 2,548 words.

Dated: March 30, 2026

Cadden & Fuller LLP

/s/ William T. Carlsen
CADDEN & FULLER LLP
2050 Main Street
Suite 150
Irvine, CA 92614
(949) 788-0827
Email:
wcarlsen@caddenfuller.com
Attorneys for Plaintiff
InterGlobal Forest, LLC

12

# EXHIBIT 1



## CADDEN & FULLER LLP

2050 MAIN STREET, SUITE 150 • IRVINE, CALIFORNIA 92614
TEL (949) 788-0827 • FAX (949) 450-0650 • WWW.CADDENFULLER.COM

FILE NUMBER

**INT07-40**

March 18, 2026

**Electronic Filing**

**PUBLIC VERSION**

Business Proprietary Information has been redacted on page 3

Tobias Vandall
International Trade Analyst
Enforce & Protect Act (EAPA) Investigations
Office of Trade | U.S. Customs and Border Protection
tobias.a.vandall@cbp.dhs.gov

Steven Emilius
EAPA Operations and Support, Branch Chief
Enforcement Operations Division
Office of Trade | U.S. Customs and Border Protection
steven.w.emilius@cbp.dhs.gov

> Re: EAPA Remand (7321) Filed in 8296 — Failure to Provide Business Confidential Information in Compliance with Order to Remand from the U.S. Court of International Trade to Customs and Border Protection in *American Pacific Plywood, Inc., et al. v. United States*, Consolidated Court No. 1:20-cv-03914, dated February 27, 2026

Dear Messrs. Vandall and Emilius:

This letter is filed by Cadden & Fuller LLP ("C&F") on behalf of Interglobal Forest, LLC ("IGF"), a U.S. importer of hardwood plywood and a consolidated plaintiff in the above-referenced matter. The Government's contempt for the rule of law is in full display as it continues to suppress evidence from the administrative record in flagrant violation of: (1) the disclosure requirements of *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) ("*Royal Brush*"); (2) the First Remand Order in *Am. Pacific Plywood, Inc. v. United States*, Consol. Court No. 20-3914 (Ct. Int'l Trade), dated January 26, 2024, ECF No. 94; and (3) the Second Remand Order dated February 27, 2026, ECF No. 158. IGF demands that the Government:

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 2

(a) supplement the second remand administrative record so that the entirety of information upon which CBP relied in making its evasion determination against IGF is accessible through the EAPA CMS under Case No. 8296 – including, but not limited to the documents identified in Section II herein; and

(b) extend IGF's deadline to file rebuttal facts and evidence to 30 calendar days after CBP fully supplements the record.

## I.   THE U.S. COURT OF INTERNATIONAL TRADE FOUND THAT CUSTOMS VIOLATED THE ADMINISTRATIVE PROCEDURES ACT, AND IT MUST PRODUCE THE MATERIALS IT SUPPRESSED FROM THE RECORD.

On February 27, 2026, the Court issued an order that vacated its judgment in Case 20-3916 and remanded that action to CBP for further proceedings consistent with the reasons stated in Slip Opinion 26-23 (ECF 157, the "Opinion"). (ECF 158, the "Order").

The Opinion found that Customs violated the Administrative Procedures Act by excluding from the administrative record a "secret agency data trove" of documents (see ECF 157, p. 19, ¶ 2) that may have been adverse to Customs' determination of evasion. (ECF 157, p, 22, ¶ 3).

The Court's *generous* characterization of Customs' suppression as "negligent" does not hold up against Mr. Vandall's declaration[1] (ECF 156-2) in which he – one of the lead international trade analysts assigned to consolidated EAPA Investigation Nos. 7321, 7323, and 7327[2] – stated he was explicitly aware of significant material information based on his discussions about that information with certain individuals from whom Mr. Vandall requested, only once, the documents and never followed up to obtain them. (ECF 156-2, ¶¶ 8 et seq.). ***Incredibly***, Mr. Vandall's declaration stated the documents identified in IGF's motion for redetermination "are not on the administrative record" and "were not provided to" Mr. Vandall "during the EAPA investigation or the remand proceedings." (ECF 156-2, ¶¶ 5, 13). Tellingly, Mr. Vandall neglects to state whether any of the documents are actually in CBP's 19 CFR 165.21 record for consolidated EAPA 7321.

---

[1] Suspiciously, Mr. Vandall's declaration was not made under penalty of perjury.

[2] Mr. Vandall neglected to inform the Court that EAPA 7321 was consolidated with EAPA 7323, and 7327.

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 3

Outrageously, Mr. Vandall flat out lied to the Court in stating, at ¶ 6 of his declaration, that the purpose of the 2018 site visit conducted at LB Wood's facilities was "for purposes of verifying LB Wood's …. eligibility for Generalized System of Preferences (GSP) status" and implying that the site visit had nothing to do with the EAPA investigation(s) of transshipping and evasion. (ECF 156-2, ¶¶ 5-7). The document itself [the document date and title have been redacted from this public version of the document] states, [Agency name redacted] and [Agency name redacted] "opened this investigation into [subjects of investigation redacted] for allegedly [allegations of conduct by subjections of investigation redacted] ….This [document description redacted] details information about [information regarding subjects of investigation and other details redacted]

Mr. Vandall's deception to the Court did not stop there. He stated the documents in ¶ 5 were not in the record or considered by CBP in reaching the determination of evasion. **Critically**, **the *LB Wood Video (GOV0010209), is not identified in ¶ 5***. Mr. Vandall's only mention of the LB Wood Video is that it "was not included in the information that L. Duvall sent to me on July 18, 2019." (ECF 156-2, ¶ 13). Mr. Vandall implicitly admits that he and CBP had the LB Wood Video and that CBP considered it in reaching the determination of evasion. However, he would have the Court believe the LB Wood Video was not considered by CBP in its evasion determination.

Mr. Vandall further deceived the Court and would have it believe the LB Wood Video was from the 2018 LB Wood site inspection. However, the LB Wood Video was recorded on April 21, 2019. Moreover, the video shows a busy, fully operational industrial manufacturing facility. Now we know why it was suppressed - this video eviscerates CBP's case.

Mr. Vandall's declaration is a confession of CBP's intentional suppression of damning evidence from the administrative record and CBP's ensuing coverup of facts harmful to it.

## II. THE GOVERNMENT FAILED TO INFORM THE COURT THAT THE WITHHELD MATERIALS EXTENDED FAR BEYOND THE SIX DOCUMENTS SPECIFIED IN IGF'S MOTION FOR REHEARING.

### A. The February 13, 2026 Status Conference

In response to IGF's motion for rehearing, on February 9, 2026, the Court issued an order scheduling a telephonic status conference for February 13, 2026, and directed the Government to be prepared to address IGF's contention that certain materials identified in the agency's discovery

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 4

responses in the *Richmond* litigation — as related to Customs's LB Wood investigation — were not included in the EAPA administrative record filed with the Court. (*See* Motion for Reconsideration, ECF 139/140, at pp. 20–22).

The hearing did not go well for the Government. When the Court asked the Government's counsel, Monica Triana, to state whether certain documents identified in IGF's motion for reconsideration had been withheld from the administrative record, she told the Court she didn't know. This prompted the Court to characterize the Government's responses to direct questions as cagey, evasive, and absurd. *See* February 13, 2026 Order (ECF 155) at Footnote 1 and Opinion (ECF 157) at p. 20, ¶ 2). The Court then ordered the Government to state, no later than February 18, 2026, whether the following materials were part of the administrative record filed with the Court at any point:

- LB Wood Photos (GOV0002579–GOV0002760)[3]

- August 14, 2018 Report of Investigation: Factory Site/Inspection on June 6 & 7, 2018 (GOV0010083–GOV0010087)

- 4/12/2019 Email from R. Bekalarski to L. Duvall Re LB Wood (GOV0010006–GOV0010007)

- 4/12/2019 Email from R. Bekalarski to L. Duvall Re LB Wood (GOV0010008–GOV0010011)

- 5/21/2019 Email from R. Bekalarski to L. Duvall Re LB Wood Followup (sic) (GOV0010012–GOV0010015)

- LB Wood Video (GOV0010209)

(*See* ECF 139/140, at pp. 20–22).

### B.  The Government's Incomplete Response and the Broader Withheld Materials

The Government uploaded the six aforementioned documents to the CBP EAPA Portal on or about March 6, 2026.

Despite being castigated by the Court for its "dissembling," neither the Government's

---

[3]This appears to be a typo; the actual range may be GOV0002759–2760, although the Government's opacity makes it difficult to confirm the number of photographs being withheld.

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 5

counsel, Monica Triana (Senior Litigation Counsel, DOJ) nor Tamir Lagvilava (Sr. Attorney, Office of the Chief Counsel, CBP) — informed Judge Baker that the withheld materials extended *far* beyond those six documents.

Mr. Vandall compounded this failure by filing his deceptive declaration (ECF 156-2 – discussed above) limited solely to the documents IGF had specifically cited in its motion for rehearing, rather than "forthrightly" identifying the "additional materials produced in *Richmond II* related to the investigation of LB Wood."[4] As CBP is aware, those additional materials — identified in the Government's responses to *Richmond* discovery requests — include, at a minimum:

1. The Entry Documents in the Court file for ALL Richmond entries purchased from LB Wood.

2. The Protest Documents in the Court file for Richmond Protest Nos. 460120118749, 460121125036, and 460121125039.

3. Richmond's CF28 Response (GOV0002761–GOV0009987).

4. 4/17/2019 CEE Meeting Information (GOV0009996–GOV0010005).

5. Photos of LB Wood from the June 2018 Site Visit (GOV0002749–GOV0002758; GOV0009988–GOV0009995; GOV0010032–GOV0010035).

6. LB Wood Photos (GOV0002759–GOV0002760; GOV0009988–GOV0009995).

7. 7/18/2019 Email from L. Duvall to K. Campbell et al. Re LB Wood.

8. 7/18/2019 Email from J. Ilkiwskyj to R. Bekalarski, et al. (GOV0010210–GOV0010211).

9. 7/18/2019 Email Attachment Spreadsheet from J. Ilkiwskyj to R. Bekalarski, et al. (GOV0010212).

---

[4] The Court puckishly noted that "[t]he jig being up, the government filed a declaration by Tobias Vandall, the agency's lead analyst in its EAPA investigation" in which he stated that his requests for "any reports regarding the site visit *were unanswered*." (emphasis in original) *See* ECF 156-2 at ¶ 13. Mr. Vandall's declaration also stated that he was not provided with the other materials he requested, notwithstanding that he "specifically asked for any photos and reports obtained during or generated after the visit." *Id.* ¶ 10.

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 6

10. 7/18/2019 Email Attachment Spreadsheet from J. Ilkiwskyj to R. Bekalarski, et al. (GOV0010213).

11. 7/18/2019 Email Attachment Spreadsheet from J. Ilkiwskyj to R. Bekalarski, et al. (GOV0010214).

12. 12/4/2018 Email from J. Koski to R. Bash (GOV0010216–GOV0010217).

13. 5/24/2018 Email Attachment Spreadsheet from J. Ilkiwskyj to J. Koski, et al. (GOV0010218).

14. 5/24/2018 Email Attachment Spreadsheet from J. Ilkiwskyj to J. Koski, et al. (GOV0010219).

15. 5/24/2018 Email Attachment Spreadsheet from J. Ilkiwskyj to J. Koski, et al. (GOV0010220).

16. 5/24/2018 Email Attachment Spreadsheet from J. Ilkiwskyj to J. Koski, et al. (GOV0010221).

17. May 31, 2018 Report of Investigation: Initial Case Information (GOV0010080–GOV0010082).

18. August 14, 2018 Report of Investigation: Factory Site/Inspection on June 6 & 7, 2018 (GOV0010083–GOV0010087).

19. HQ Ruling 561605 (July 20, 2000) (GOV0002639–GOV0002647).

20. CVD Hardwood Plywood.pdf (GOV0002648–GOV0002687).

21. NY Ruling N164855 (June 8, 2011) (GOV0002688–GOV0002689).

22. NY Ruling N282788 (Feb. 7, 2017) (GOV0002690–GOV0002691).

23. NY Ruling N291240 (Nov. 7, 2017) (GOV0002692–GOV0002693).

24. NY Ruling N293792 (Feb. 16, 2018) (GOV0002694–GOV0002695).

25. New Orleans Hardwood Plywood.pdf (GOV0002696–GOV0002748).

26. Public and Private Administrative Record from EAPA Investigation No. 7321, including all documents entered in the first remand and second remand, and all supplemental documents entered into the Administrative Record at any time.

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 7

27. All reports from third-party inspectors regarding LB Wood's production facilities and operations, including but not limited to reports from Benchmark International provided to CBP during its investigation of LB Wood's production facilities from IGF, American Pacific Plywood, Inc., Richmond, Cosco Star, or any other importer or agent.

28. Declarations, documents, reports, photographs, and videos provided to CBP relating to the January 2018 inspection of LB Wood's production facilities by Kevin Wang, the president of Cosco Star International Co., Ltd.

29. Declarations, documents, reports, photographs, and videos provided to CBP relating to the October 2018 inspection of LB Wood's production facilities by American Pacific Plywood, Inc.'s President, Pat Bennett.

30. To the extent such documents are NOT a part of the Public and Private Administrative Record from EAPA Investigation No. 7321 and the first and second remand record related thereto, the documents set forth on the Privilege Log—*Richmond International Forest Products LLC v. United States*, Court No. 21-00318—more particularly identified as ECF 36-2 filed 01/31/23 at Pages 29–34.

31. To the extent such documents are NOT a part of the Public and Private Administrative Record from EAPA Investigation No. 7321 and the first and second remand record related thereto, the documents set forth on the First Supplemental Privilege Log—*Richmond International Forest Products LLC v. United States*, Consol. Court No. 21-00318—more particularly identified as ECF 43-1 filed 03/28/23 at pages 8–9.

32. To the extent such documents are NOT a part of the Public and Private Administrative Record from EAPA Investigation No. 7321 and the first and second remand record related thereto, the documents set forth on the Second Supplemental Privilege Log—*Richmond International Forest Products LLC v. United States*, Consol. Court No. 21-00318—more particularly identified as ECF 43-1 filed 03/28/23 at page 17.

33. Full and complete copies of the substantial discovery propounded to the Government in connection with the *Richmond* litigation, including but not limited to: (i) the

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 8

Government's responses; (ii) all document productions; and (iii) full and complete transcripts of the depositions—and all exhibits thereto—of the following Government representatives, agents, or employees:

(a)    Robert Bekalarski, Assistant Center Director, Industrial and Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP, 726 Exchange St., Buffalo, NY 14210.

(b)    Laurel Duvall, National Import Specialist, National Commodity Specialist Division, Regulations and Rulings, Office of Trade, CBP, One World Trade Center, 51st Floor, Suite 51.200, New York, NY 10007.

(c)    Jason Ilkiwskyj, Program Manager—Trade Operations, Office of Field Operations, CBP, 300 Airborne Pkwy., Cheektowaga, NY 14225.

(d)    John C. Koski, Supervisory Special Agent, Homeland Security Investigations (HSI), 207 Grandview Dr., Suite 200, Fort Mitchell, KY 41017.

(e)    Mark Nackman, Branch Chief, National Commodity Specialist Division, Regulations and Rulings, Office of Trade, CBP, One World Trade Center, 51st Floor, New York, NY 10007.

(f)    Robert Thommen, Branch Chief/Supervisory International Trade Analyst, Antidumping/Countervailing (ADCVD) Policy Branch, Trade Policy and Programs, Office of Trade, CBP, 1300 Pennsylvania Ave. NW, Washington, DC 20229.

(g)    Joseph Gaynor, Import Specialist, Antidumping & Countervailing Processing Team IBE, Industrial & Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP, 5600 W. American Blvd., Bloomington, MN 55437.

(h)    O'Tashie Lewis, Import Specialist, Industrial and Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP, 2813 Business Park Drive, Suite I, Memphis, TN 38118; and Miguel Plaza, Supervisory Import Specialist, Industrial Manufacturing Center of Excellence and Expertise, Office of Field Operations, CBP, 5600 Pearl St., Rosemont, IL 60018.

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 9

> (i)  Kevin Janiszewski, Supervisory Import Specialist, Industrial and Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP.
>
> (j)  Russell Bash, Country Attaché, U.S. Embassy—Phnom Penh, Cambodia, HSI (no longer with HSI).
>
> (k)  Any other Government representative or other person deposed by Richmond, the Government, or any intervenor in this matter.

34. Any scientific or mathematical analysis of LB Wood's production capacity, performed for or on behalf of CBP, as referenced in the email between Bob Bekalarski and Laurel Duvall dated May 21, 2019, or performed for or on behalf of any other person or entity.

35. All confidential documents supporting the agreed statement of facts in the Stipulated Judgment on Agreed Statement of Facts, ECF 31 in Case 21-00318, filed January 16, 2025.

The "GOV" bates numbers refer to the documents produced in discovery in the separate litigation Richmond International Forest Products v. United States, Court No. 21-00318 (Ct. Int'l Trade), as referenced in the Vandall Declaration (ECF 156-2 at Footnote 2).  We note that the "GOV" bates numbers on the documents that we know have been improperly withheld (and hidden from both IGF and the Court) suggest that these documents exceed 10,000 pages.

**III. THE GOVERNMENT IS IN VIOLATION OF BOTH REMAND ORDERS BY REFUSING TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH THE WITHHELD MATERIALS.**

In the Opinion, the Court found that the IGF case and the *Richmond* cases "substantially overlap in material respects," including on the critical factual question of whether LB Wood had the capability—during the same relevant time frame—to manufacture its plywood exports to this country. The Court further found that CBP's concession in the *Richmond* cases "flatly contradicts" its position in this case, and that the contradiction was "all the more glaring because in *Richmond II* Customs cited—before its surrender—the administrative record in this case as evidence that LB Wood had no such capacity." Opinion at pp. 16–17.

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 10

There is accordingly no question that **all** of the *Richmond* documents the Government has withheld are required to be disclosed to IGF pursuant to *Royal Brush*.[5] By concealing and refusing to provide these materials, the Government remains in violation of: (i) the First Remand Order (ECF 94, dated January 26, 2024), which remanded CBP's affirmative evasion determination in EAPA Consolidated Case No. 7321 subject to the disclosure requirements of *Royal Brush*;[6] and (ii) the Second Remand Order (ECF 158, dated February 27, 2026).

## IV.    IGF DEMANDS FULL DISCLOSURE OF BUSINESS CONFIDENTIAL INFORMATION AND A 30-DAY EXTENSION TO FILE REBUTTAL EVIDENCE.

### A.  CBP Must Provide Access to All Business Confidential Information.

On March 6, 2026, Mr. Emilius sent an email to C&F and other interested parties with the subject line "American Pacific Plywood Inc. v. United States, 20-3914 (Remand EAPA 7321) Filed in (8296)," indicating that EAPA was providing access to the second remand administrative record for Case 7321, to be accessed by registering and logging into the CBP EAPA Portal at https://eapallegations.cbp.gov/. Mr. Emilius's email confirmed that these documents are subject to the existing administrative protective order from the first remand of Case 7321, and that the parties will have until March 20, 2026, to submit rebuttal factual information.

To date, only seven (7) business confidential documents have been made available on CBP's CMS for EAPA Remand (7321) Filed in Case 8296. CBP has still failed and refused to provide the full set of business confidential documents upon which it relied—documents that were not available to IGF during the underlying investigation and which are the very subject of the rebuttal IGF must now prepare. Without access to **all** of the business confidential information upon

---

[5]In the Consent Motion to Voluntarily Remand dated November 15, 2023 (the "Consent Motion" for the First Remand), CBP acknowledged that its treatment of confidential business information during the underlying EAPA investigation was inconsistent with this Court's later holding in *Royal Brush*. *See* Consent Motion, p. 3, ¶3.

[6]In *Royal Brush*, the Federal Circuit held that Customs' refusal to allow importers accused of evasion to review and address "information on which the agency relied in reaching its decision" violated procedural due process. The Government has been in continuous violation of IGF's right to procedural due process by concealing a secret data trove, both from the decisionmakers within the agency and from IGF. This conduct is unconscionable, and IGF reserves the right to seek redress for the Government's misconduct in the appropriate forum.

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 11

which CBP relied, considered, or had access to in making its evasion determination, IGF cannot meaningfully submit rebuttal evidence and arguments.

This letter is accordingly a formal request: (1) that Customs provide access, through the CMS, to all business confidential information not previously available to parties during the underlying investigation, as partially identified in Section II above, all of which is subject to and will be accessed under CBP's administrative protective order; and (2) that CBP grant IGF a 30-day extension to file rebuttal documents and information, to begin running from the date CBP identifies and provides complete access to that business confidential information. We respectfully request that you take immediate steps to remedy this situation.

### B.  The Current Deadline Is Inadequate; IGF Requests a 30-Day Extension Beginning from the Date CBP Complies with Its Disclosure Obligations.

The 14-calendar-day period (10 full working days) currently allotted for the response is woefully inadequate in a case with an administrative record as extensive as this one. Because relevant rebuttal facts may reside with foreign persons or entities and will need to be solicited, examined, and translated, the information-gathering, review, and finalization process is necessarily time-consuming.

Granting a 30-day extension—measured from the date CBP identifies and provides access through the CMS to the business confidential information upon which it relied in making its evasion determination—will facilitate rather than delay these proceedings. It will not prejudice any party in a material way, and it will allow IGF to file its rebuttal facts, documents, and arguments in an orderly and reasonable manner. We appreciate CBP's consideration of this request and trust that it will be granted in full.

Yours very truly,

/s/ William T. Carlsen
Daniel Fuller, Esq.
William T. Carlsen, Esq.

# EXHIBIT 2



**CADDEN & FULLER LLP**

2050 MAIN STREET, SUITE 150 • IRVINE, CALIFORNIA 92614
TEL (949) 788-0827 • FAX (949) 450-0650 • WWW.CADDENFULLER.COM

FILE NUMBER

**PUBLIC DOCUMENT**

March 27, 2026

**Electronic Filing**

Tobias Vandall
International Trade Analyst
Enforce & Protect Act (EAPA) Investigations
Office of Trade | U.S. Customs and Border Protection
tobias.a.vandall@cbp.dhs.gov

Steven Emilius
EAPA Operations and Support, Branch Chief
Enforcement Operations Division
Office of Trade | U.S. Customs and Border Protection
steven.w.emilius@cbp.dhs.gov

Tamari Lagvilava
Senior Attorney
Office of the Chief Counsel, CBP
tamari.j.lagvilava@cbp.dhs.gov

**cc:** Monica P. Triana, Senior Trial Counsel, International Trade Field Office, U.S. Department
of Justice (Monica.P.Triana@usdoj.gov)

> **Re:** *EAPA Remand (7321) Filed in 8296 — Request for Immediate Upload of Withheld
> Documents to EAPA Case Management System Prior to Filing of Motion for Clarification*

Dear Messrs. Vandall and Emilius, and Ms. Lagvilava:

This letter is filed by Cadden & Fuller LLP ("C&F") on behalf of Interglobal Forest, LLC
("IGF"), a U.S. importer of hardwood plywood and a consolidated plaintiff in *American Pacific
Plywood, Inc., et al. v. United States*, Consolidated Court No. 1:20-cv-03914. This letter follows
IGF's letter of March 18, 2026, (incorporated herein by reference), in which IGF formally
demanded that CBP supplement the second remand administrative record with all documents CBP
directly or indirectly considered in reaching its determination of evasion against IGF — including,
at a minimum, the thirty-five (35) categories of documents identified in the March 18, 2026, letter.
CBP's failure to do so is a continuing violation of the Administrative Procedure Act, the First
Remand Order (ECF No. 94, dated January 26, 2024), and the Second Remand Order (ECF No.
158, dated February 27, 2026).

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 2

On March 25, 2026, counsel for IGF and the Department of Justice participated in a Zoom conference during which Ms. Triana undertook to make efforts to resolve this document dispute by, among other things:

1. Consulting with CBP regarding the parties' request for clarification of the Court's Order and provide CBP's position on whether court clarification is needed or supported.

2. Working with CBP to review the March 18, 2026, letter and the documents listed therein, determine which are on the record and which are not, and provide that information to the parties to assist in resolving the record-completeness issue.

As of the date of this letter, CBP has not uploaded any additional documents to the EAPA CMS, and IGF has received no substantive response to its March 18, 2026 letter.

As the Court found in Slip Opinion 26-23 (ECF 157), CBP violated the Administrative Procedure Act by excluding from the administrative record a "secret agency data trove" of documents adverse to its determination of evasion against IGF. The Opinion clearly contemplates that the "whole record" must be provided in the second remand administrative record. The law requires the second remand administrative record to include all materials the agency directly or indirectly relied upon, as well as any document that might have influenced the agency's decision. *Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 345 F. Supp. 3d 1, 6 (D.D.C. 2018); 5 U.S.C. § 706. We know that the "secret agency data trove" contains at least the records set forth in our March 18, 2026, letter to Messrs. Vandall and Emilius — documents that appear to number in the thousands of pages. To date, however, CBP has uploaded only seven (7) business confidential documents to the EAPA CMS, a response wholly inconsistent with the Court's findings and with CBP's legal obligations.

Moreover, CBP's obligation is not limited to the documents IGF has been able to unearth. CBP is required to disclose the ***entire*** administrative record: every document CBP directly or indirectly considered in reaching its determination of evasion against IGF, and every document that might have influenced that determination, regardless of whether IGF has identified it by name or Bates number.

Despite the March 18, 2026 letter and the March 25, 2026, Zoom conference, IGF has received no substantive response from CBP or its counsel regarding what documents CBP believes constitute the "whole record" in EAPA 7321. We do not wish to expend valuable Court time resolving a dispute that the parties should be able to resolve among themselves. However, we may be forced to seek Court intervention because we are not getting a straightforward response from CBP about what documents it believes comprise the "whole record."

Tobias Vandall
Steven Emilius
Office of Trade | U.S. Customs and Border Protection
Page 3

      To that end, we would like to have a telephone conference with you as soon as possible, but in no event later than Monday, March 30, 2026 by 1PM Eastern Time, in an attempt to avoid filing, or at least limiting the scope of, a motion for clarification.  Please advise as to your availability for such a telephone conference.

Yours very truly,


/s/ William T. Carlsen
Daniel Fuller, Esq.
William T. Carlsen, Esq.
CADDEN & FULLER LLP